NIMMONS, Judge.
Appellant contends that his conviction for possession of a firearm by a convicted felon should be reversed on double jeopardy grounds because he was previously convicted of both burglary while armed and grand theft (theft of firearm), and then subsequently tried and convicted of possessing the same firearm as a convicted felon.[1] We affirm.
The defendant burgled the law office of victim Rommes at approximately 8:30 in the evening. He stole Rommes’ .45 caliber pistol and apparently dove through a plate glass window at the front door to make his exit as Rommes watched. The defendant then broke into a nearby florist shop where he stole some coins and a cloth to wrap his wounds.
The following morning, the police were able to follow a trail of blood, apparently left by the burglar, to Room 27 of the Skylark Motel. The defendant, Richard Walls, and his girl friend, Tammy Barnes, *824 were in the motel room. Walls, who had been rather severely cut and had bloody rags wrapped around his left knee and left wrist, answered the knock at the door. Initially, he agreed to accompany the officers to the police station. Instead, however, he bolted and tried to escape, but the officers overtook him and placed him under arrest.
Subsequently, as the motel manager was cleaning out the defendant’s room, she discovered the .45 caliber pistol in a dresser drawer. It was covered with blood. Tammy Barnes testified that she and the defendant shared the motel room but denied any knowledge of the presence of the gun. She said that when the defendant returned to the motel the night before, he told her he had been in an accident.
In an earlier trial, the defendant was convicted of the Rommes law office burglary and grand theft of the pistol, as well as the burglary and petty theft in the florist shop incident. On appeal from those convictions, the appellant asserted that his double jeopardy rights were violated because he was convicted of burglary while armed with the .45 caliber pistol and of the theft of the same firearm. This court affirmed in Walls v. State, 570 So.2d 448 (Fla. 1st DCA 1990).
In the instant appeal, the appellant asserts that it is a violation of his double jeopardy rights to be convicted of possession of the same firearm as was involved in his earlier armed burglary and grand theft convictions. He relies upon the recent Supreme Court case of Grady v. Corbin, — U.S.-, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). His reliance is misplaced.
In Corbin, the defendant, who had a blood alcohol level of .19, allegedly drove his automobile across a double yellow line and struck two oncoming vehicles killing the driver of one of the other vehicles. He was charged with, pled guilty to, and was convicted of two traffic offenses, driving while intoxicated and failure to keep to the right of the median. Subsequently, he was charged with the felony offenses of reckless manslaughter, second degree vehicular manslaughter, and criminally negligent homicide. His petition for writ of prohibition was denied but the New York Court of Appeals reversed and prohibited further prosecution on the felony charges. The Supreme Court affirmed the granting of the writ of prohibition.
In Corbin, the Court articulated a two-step process in determining whether a subsequent prosecution is permissible. In the first step, the traditional Blockburger[2] test is applied. The key inquiry in that step is to determine whether the second offense has identical statutory elements or is a lesser included offense, in either of which events the subsequent charge is barred by double jeopardy. Clearly, in the case at bar, the subsequent charge of possession of a firearm by a convicted felon survives the Blockburger step because (1) its statutory elements are clearly not the same as either the armed burglary offense or the grand theft offense; and (2) it is not a lesser included offense of either the burglary or grand theft offense.
The next step is to inquire whether the second prosecution relies upon conduct which constitutes an offense for which the defendant has already been prosecuted. The critical question here is whether the conduct the state will prove in the second prosecution is the same conduct which constituted the prior offense for which the defendant has already been prosecuted.
In examining the conduct involving the second prosecution, the state is entitled to have us focus upon the conduct or circumstances which occurred in and about the appellant’s motel room on the day following the burglary and theft which occurred at attorney Rommes’ office. On the record before us, the charge of possession of a firearm by a convicted felon encompassed the appellant’s conduct at his motel room on the morning following the burglary and grand theft. This conduct was obviously entirely different from that which constituted the conduct on which the burglary and grand theft was based, notwithstanding the fact that the state presented at the first trial evidence of the events occurring *825 at the motel room the next morning.[3] The fact remains that the burglary and theft had already occurred the night before. Moreover, there is no question but that the evidence of the appellant’s possession of the pistol at the motel room was sufficient to support the subject offense even though he was not shown to have been in actual physical possession at the motel. The testimony was that the only other person with whom the defendant shared the motel room where the pistol, which was covered with blood, was found denied any knowledge of the presence of the gun, testimony which the jury was certainly entitled to believe.[4]
Appellant has filed a notice of supplemental authority citing to this court’s opinion in Scalfv. State, 573 So.2d 202 (Fla. 1st DCA 1991). Again, appellant’s reliance is misplaced because the circumstances in Scalf are patently distinguishable.
We have examined the other point pertaining to the state’s alleged noncompliance with Section 90.404(2)(b)l., Florida Statutes (1989), and find the same to be without merit.
AFFIRMED.
ZEHMER, J., concurs.
ERVIN, J., concurs with written opinion.

. We hasten to add that the previous conviction upon which the instant offense (possession of firearm by a convicted felon) was based was, of course, not the above referred burglary or grand theft, but an earlier unrelated conviction.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. As stated by the Supreme Court in Corbin: The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding. See Dowling v. United States, 493 U.S. [342], 107 L.Ed.2d 708, 110 S.Ct. 668 (1990).
— U.S. at-, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

. We should point out that the appellant does not take issue with the sufficiency of the evidence to support a finding that he was in at least constructive possession of the pistol in the motel room.