656 So.2d 579 (1995)
Jimmy Leon MARROW, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1847.
District Court of Appeal of Florida, First District.
June 19, 1995.
Nancy A. Daniels, Public Defender, Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jimmy Leon Marrow (Marrow) appeals from a judgment and sentence for armed burglary and grand theft of a firearm. Marrow says that his dual convictions violate double jeopardy principles, and that one conviction must be vacated. We agree.
Marrow was charged in count one with armed burglary, in count two with grand theft of a firearm, and in count three with grand theft of other property. Marrow entered the victim's Santa Rosa County home on April 1, 1994, by cutting a window screen. Marrow stole electronic and jewelry items; he also stole a pistol from the victim's bedroom closet. The theft of the pistol is the basis for Marrow's armed burglary conviction  in the single act of stealing the pistol, he armed himself.
Marrow was sentenced, as an habitual offender, to life in prison on count one; and ten years in prison on counts two and three, to run concurrently with count one. Double jeopardy however bars convicting Marrow of both armed burglary and grand theft of a firearm, where the single act of stealing a firearm is the act which converts his burglary into an armed burglary. State v. Stearns, 645 So.2d 417 (Fla. 1994); Cleveland v. State, 587 So.2d 1145, 1146 (Fla. 1991).
We therefore vacate Marrow's judgment and sentence for grand theft of a firearm.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.