662 So.2d 422 (1995)
Jeffrey Arthur GABER, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2328.
District Court of Appeal of Florida, Third District.
November 8, 1995.
*423 Mark King Leban, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Miami, for appellee.
Before BARKDULL, NESBITT, and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Jeffrey Arthur Gaber, appeals his convictions of one count of armed burglary, six counts of burglary of a dwelling, two counts of grand theft, two counts of petty theft, and one count of carrying a concealed firearm, after he was arrested in connection with the burglary of several homes. We affirm.
Focusing on the only issue which merits discussion, we cannot agree with the appellant's argument that his convictions for both armed burglary and grand theft of a firearm violates double jeopardy. We reach this conclusion because the statutory elements of theft and the elements of armed burglary are separate and distinct.
Conviction for burglary requires proof that the defendant entered a structure with the intent to commit an offense inside. § 810.02(1), Fla. Stat. (1993). If a perpetrator is armed, or arms himself while inside the structure, the offense is reclassified as armed burglary, a first degree felony. § 810.02(2)(b), Fla. Stat. (1993).
Conviction for grand theft, governed by a completely different statute, requires proof that a perpetrator knowingly obtained the property of another with the intent to either temporarily or permanently deprive the owner of its use. § 812.014(2)(a)-(c), Fla. Stat. (1993).
Comparing the necessary elements to sustain a conviction for these two offenses, it is apparent that the grand theft statute neither requires a burglary, nor that the object of the theft necessarily be a firearm. In contrast, the armed burglary statute neither requires a theft, nor that the weapon involved be a firearm. Moreover, the armed burglary statute does not require the intent to commit a theft, but rather the intent to commit an offense.
*424 Therefore, because each offense requires proof of an element that the other does not, the offenses must be considered separate for double jeopardy purposes. See § 775.021(4)(a), Fla. Stat. (1993); State v. Smith, 547 So.2d 613, 615-16 (Fla. 1989); Walls v. State, 579 So.2d 823, 824 (Fla. 1st DCA 1991); Peterson v. State, 542 So.2d 417, 418 (Fla. 4th DCA 1989); Marion v. State, 526 So.2d 1077, 1078 (Fla.2d DCA 1988).
We recognize that this decision is contrary to the holding in Marrow v. State, 656 So.2d 579 (Fla. 1st DCA 1995). The Marrow court, citing to the Florida Supreme Court case of State v. Stearns, 645 So.2d 417 (Fla. 1994), held that convictions for both armed burglary and grand theft of a firearm violated double jeopardy.
We disagree with the First District's interpretation of Stearns. Stearns held that double jeopardy barred a separate conviction for carrying a concealed weapon while committing a felony, where the perpetrator had also been convicted for armed burglary and grand theft. All three charges arose from the same criminal episode, and the perpetrator's burglary sentence was enhanced to armed burglary because of the firearm possession. The court reasoned that the perpetrator could not also be convicted of a second possession offense, carrying the same concealed weapon while committing the felony, without violating double jeopardy principles. Stearns, 645 So.2d at 417.
The circumstances here, as well as in Marrow, involve the theft of a firearm, not merely the possession of a firearm. Quite simply, in this grand theft charge, the appellant is being punished for taking the weapon with intent to deprive, not for possession of the weapon. Again, quite simply, the appellant is also being punished for the separate offense of armed burglary.
Clearly, if you commit a burglary, and while committing that burglary you steal the original manuscript of Gabriel Garcia Marquez' Love in the Time of Cholera, then you can be convicted of burglary and grand theft. It logically flows that if you commit a burglary, and while committing that burglary you steal a firearm, then you can be convicted of armed burglary and grand theft.
In conclusion, we hold that armed burglary and grand theft of a firearm are completely separate offenses, and the appellant's convictions for both offenses do not violate double jeopardy. See § 775.021(4)(a), Fla. Stat. (1993); State v. Smith, 547 So.2d at 613; Walls v. State, 579 So.2d at 823. Finding no merit in the other issues raised by the appellant, we affirm his convictions and sentence in all respects. Based on our holding, we certify conflict with the First District's decision in Marrow.
Affirmed; conflict certified.