662 So.2d 1359 (1995)
M.P., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-675.
District Court of Appeal of Florida, Third District.
November 22, 1995.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard R. Polin, Assistant Attorney General, and Paul Savage, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
M.P. appeals from an adjudication of delinquency. We affirm.
M.P. was adjudicated delinquent for carrying a concealed weapon in violation of section 790.01, Florida Statutes (1993), and possession of a firearm by a minor in violation of section 790.22(3), Florida Statutes (Supp. 1994). Both charges related to the same weapon and arose from the same incident.
We hold that the dual adjudications do not violate M.P.'s constitutional right not to be placed in double jeopardy. In determining the constitutionality of dual punishments for two offenses arising from the same criminal transaction, the dispositive question is whether the legislature "intended to authorize separate punishments for the two crimes." Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); see also Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (critical inquiry in double jeopardy analysis is whether Congress intended to *1360 punish each statutory violation separately); State v. Smith, 547 So.2d 613 (Fla. 1989) (same). When the Florida legislature enacted section 790.22(3), it specifically articulated its intent to punish possession of a firearm by a minor in addition to other firearmrelated offenses by providing that "[t]he provisions of this section are supplemental to all other provisions of law relating to the possession, use, or exhibition of a firearm." § 790.22(7), Fla. Stat. (Supp. 1994) (emphasis added). On that basis alone, the dual adjudications pass constitutional muster.
Furthermore, each offense requires proof of an element that the other does not; they are thus considered separate offenses for the purpose of a double jeopardy analysis. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see also, Gaber v. State, 662 So.2d 422 (Fla. 3d DCA 1995); State v. Smith, 547 So.2d at 616. Although the two offenses share the common element of possession of a firearm, each statute addresses separate societal evils; each contains a unique prohibition. Section 790.01 prohibits concealment of a weapon; section 790.22(3) prohibits possession of a firearm by a minor.
We recognize that our holding directly conflicts with that of the Fifth District in M.P.C. v. State, 659 So.2d 1293 (Fla. 5th DCA 1995) and that of the First District in A.J.H. v. State, 652 So.2d 1279 (Fla. 1st DCA 1995). Accordingly, we certify conflict with those decisions.
Finding no merit in the remaining points on appeal, we affirm.
Affirmed; conflict certified.