PATTERSON, Judge.
Jeffrey Hunter appeals from his judgment and sentence for two counts of armed burglary, two counts of attempted second-degree murder, aggravated battery, shooting within a private building, and grand theft. We find merit only in Hunter’s arguments regarding double jeopardy and the imposition of fees and costs.
Double jeopardy bars conviction for armed burglary and grand theft of a firearm when, as here, the act of stealing the firearm converts the burglary into an armed burglary. Marrow v. State, 656 So.2d 579 (Fla. 1st DCA), review denied, 664 So.2d 249 (Fla.1995); see State v. Steams, 645 So.2d 417 (Fla.1994) (double jeopardy bars convictions and sentences for two offenses involving a firearm that arise from same criminal episode). The state argues that the error is harmless; however, if the grand theft of a *1333 firearm conviction is not vacated, it can be scored as prior record in any later sentencing. Thus, we vacate Hunter’s judgment and sentence for grand theft of a firearm.
The trial court imposed $500 in attorney’s fees pursuant to section 27.56, Florida Statutes (1993). As Hunter argues, the record contains no basis for the amount of the fee — nothing reveals the hourly rate or time spent on the case. See Hankerson v. State, 464 So.2d 700 (Fla. 2d DCA 1985) (attorney’s fees must be based on estimated or actual costs, not arbitrarily imposed). Further, Hunter had no prior notice of the imposition of attorney’s fees or the amount, and no notice of his right to contest the fees; thus, we strike the attorney’s fees without prejudice to reimpose them in compliance with Florida Rule of Criminal Procedure 3.720(d)(1). See Farmer v. State, 617 So.2d 447 (Fla. 2d DCA 1993); Jones v. State, 623 So.2d 627 (Fla. 5th DCA 1993).
With respect to costs, we strike the $2 discretionary cost the trial court imposed pursuant to section 943.25(8), Florida Statutes (1993), because the trial court did not announce it at sentencing. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). We also strike the $33 “cost/fine” imposed without citation to statutory authority. Barnes v. State, 658 So.2d 538 (Fla. 2d DCA 1995).
Accordingly, we vacate the grand theft conviction and strike certain costs and the attorney’s fees and remand for further proceedings; in all other respects, we affirm.
RYDER, A.C.J., and DANAHY, J., concur.