677 So.2d 71 (1996)
Willie JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1346.
District Court of Appeal of Florida, Fourth District.
July 17, 1996.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
Willie Johnson appeals his convictions and sentences for armed trespass, aggravated assault, and grand theft of a firearm. We affirm his convictions, but reverse on a sentencing issue.
On November 8, 1993, Kathy Thomas and Willie Johnson were discussing the possibility of their reunification. Thomas and Johnson were involved in the past, but Johnson had been in jail on charges unrelated to this appeal just prior to the night in question. About 10:00 p.m. that same evening, Jeffrey O'Connor arrived in his car. According to the testimony, O'Connor and Thomas had been romantically involved while Johnson was in prison. Upon his arrival, Thomas got *72 into O'Connor's car and the two of them drove around the block.
Thomas and O'Connor returned and Johnson approached the car. Words were exchanged and Johnson reached inside the car and pulled out O'Connor's gun. According to Thomas, Johnson ordered both of them out of the car. Thomas ran to a nearby house and O'Connor ran down the street. Thomas stated that Johnson was pointing the gun at O'Connor.
The police arrived shortly thereafter and Johnson was arrested. He was tried and convicted of the above crimes, and this appeal ensued.
Johnson argues on appeal it was error to deny a requested instruction on voluntary intoxication. Yet at trial, he denied that he had been drinking. We find no error in the trial court's refusal to give the requested instruction.
Neither are we persuaded that there was a double jeopardy violation occasioned by appellant's convictions for both armed trespassing and grand theft of the same firearm. Gaber v. State, 662 So.2d 422 (Fla. 3d DCA 1995), rev. granted, 675 So.2d 120 (Fla. 1996). We acknowledge conflict on this issue with Marrow v. State, 656 So.2d 579 (Fla. 1st DCA), rev. denied, 664 So.2d 249 (1995).
The only issue that requires reversal is the trial court's decision to impose a three-year firearm mandatory minimum sentence for armed trespass and grand theft. Under section 775.087(2)(a), Florida Statutes (1993), mandatory minimum sentencing does not apply to the offenses of grand theft or armed trespassing. As these two offenses are not specifically enumerated under the statute, it was error for the judge to use them as a basis for a mandatory three-year sentence, a point conceded by the state. Accordingly, we affirm the convictions, but remand for resentencing to delete the three-year mandatory minimum sentences.
GLICKSTEIN and SHAHOOD, JJ., concur.