684 So.2d 189 (1996)
Jeffery Arthur GABER, Petitioner,
v.
STATE of Florida, Respondent.
No. 86990.
Supreme Court of Florida.
December 12, 1996.
Benjamin S. Waxman, of Robbins, Tunkey, Ross, Amsel, Raben & Waxman, P.A., Miami, for Petitioner.
Robert A. Butterworth, Attorney General, Paulette R. Taylor, Assistant Attorney General, Miami, for Respondent.
WELLS, Justice.
We have for review Gaber v. State, 662 So.2d 422 (Fla. 3d DCA 1995), which expressly and directly conflicts with the opinion in Marrow v. State, 656 So.2d 579 (Fla. 1st DCA), review denied, 664 So.2d 249 (Fla. 1995). These cases are in conflict over the question of whether separate convictions and sentences for armed burglary and grand theft of a firearm arising from a single criminal episode violate principles of double jeopardy. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We resolve this conflict by holding that double jeopardy does not preclude separate convictions because grand theft and armed burglary have separate statutory elements. We reach this conclusion by giving plain meaning to the rule of statutory construction codified in section 775.021(4)(a), Florida Statutes (1993), which provides in relevant part that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla.Stat. (1993).
The events in this case began in 1994 when Gaber was charged in connection with the burglaries of several homes in Monroe County and was convicted of one count of armed burglary, six counts of burglary of a dwelling, two counts of grand theft, two counts of *190 petty theft, and one count of carrying a concealed firearm. Gaber appealed, claiming that his convictions for both armed burglary under section 810.02, Florida Statutes (1993),[1] and grand theft of a firearm, under section 812.014, Florida Statutes (1993),[2] violated his constitutional right not to be placed in double jeopardy.
On appeal, the Third District Court of Appeal affirmed Gaber's convictions, holding that the dual adjudications did not violate the prohibition against double jeopardy. Gaber. The district court concluded that each offense requires proof of an element that the other does not so that the offenses must be considered as separate based on section 775.021(4)(a), Florida Statutes (1993). Gaber, 662 So.2d at 423. The district court also recognized that its holding was in direct conflict with Marrow. Accordingly, the district court certified conflict with Marrow, in which the First District Court of Appeal held that principles of double jeopardy were violated when the defendant was convicted of grand theft of a firearm and armed burglary, with both charges arising out of a single incident. The court held, in reliance upon State v. Stearns, 645 So.2d 417 (Fla.1994), that the single act of stealing a firearm converted Marrow's burglary into an armed burglary. Gaber, 662 So.2d at 424.
On appeal to this Court, Gaber contends that double jeopardy prohibits separate convictions for the charges of armed burglary and firearm theft which stem from the singular act of taking a firearm from within a dwelling. See Marrow. Gaber also argues that the district court below erred in finding no violation of double-jeopardy principles because the enhancement of Gaber's burglary charge to armed burglary based on the theft of a firearm is sufficient punishment and any further punishment constitutes double jeopardy. Gaber argues that under the facts of this case, the offense of theft of a firearm is subsumed in the greater offense of armed burglary, as provided in section 775.021(4)(b)3, Florida Statutes (1993).[3]
The State responds that armed burglary and grand theft of a firearm are two completely separate offenses and thus may be subject to multiple punishment without violating principles of double-jeopardy protection. § 775.021(4)(a), Fla.Stat. (1993). Each offense requires different statutory elements of proof so that proving a violation of one does not necessarily prove a violation of the other. The State also argues that the statutory exception under section 775.021(4)(b)(3), Florida Statutes (1993), does not apply because grand theft of a firearm is not a lesser-included offense within the charge of armed burglary, even where the theft of a firearm is used to enhance the burglary to armed burglary. For the reasons expressed, we agree with the position the State advances.
Under the plain meaning of section 775.021(4)(a), Florida Statutes (1993), a court is required to examine each of a defendant's convictions arising out of the same incident to determine whether "each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4)(a), Fla.Stat. Thus, we cannot examine facts from the record relevant to Gaber's claim that both offenses involved the single act of taking a firearm.
Rather, our double-jeopardy analysis must look only to the statutory elements of armed burglary and grand theft of a firearm. Although *191 each offense relates to firearms, each also requires proof of an element that the other does not. The charge of armed burglary is pursuant to chapter 810, Florida Statutes, entitled "Burglary and Trespass," which provides that "`[b]urglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein." (Emphasis added). § 810.02(1), Fla.Stat. (1993). Burglary becomes armed burglary if, in the course of committing the offense, the offender "[i]s armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon." § 810.02(2)(b), Fla.Stat. (1993). Armed burglary requires proof that an offender already was armed or that he armed himself once he entered a structure with the intent to commit an offense therein. However, a charge of burglary requires no proof that an offender necessarily intended to commit a theft or that the offender committed a theft to arm himself. The charge of grand theft is pursuant to chapter 812, Florida Statutes, entitled "Theft, Robbery, and Related Crimes," which provides in pertinent part:
A person commits theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
§ 812.014(1)(a), (b), Fla.Stat. (1993).
Under section 812.014(2)(c)(3), Florida Statutes (1993), theft becomes grand theft if the property stolen is a firearm. An individual does not have to steal a gun to commit an armed burglary (he could use his own gun) and does not have to commit a burglary in order to steal a gun. Therefore, each offense requires proof of an element that the other does not, and prosecution for grand theft should not be precluded simply because the property stolen happens to be a firearm.
In Marrow, the First District Court of Appeal relied upon our holding in Stearns for its conclusion that double jeopardy barred multiple firearm convictions. Marrow, 656 So.2d at 579. Marrow, as well as the instant case, involved the theft of a firearm rather than the mere possession of a firearm as in Stearns. Thus, the circumstances in Stearns differ from those in Marrow and the instant case in that the defendant in Stearns was convicted of charges that do not require separate elements of proof. In Stearns, the convictions were for charges of burglary of a structure while armed, grand theft of property within that structure, and carrying a concealed weapon while committing a felony. Stearns, 645 So.2d at 418. Although the two firearm offenses in Stearns share the common element of possession of a firearm, armed burglary requires proof of no element that the charge of carrying a concealed weapon while committing a felony does not. Thus, we held that "double jeopardy bars the State from convicting and sentencing Stearns for two offenses involving a firearm that arose out of the same criminal episode." Id. However, as we noted in M.P. v. State, 682 So.2d 79, 21 Fla. L. Weekly S433 (Fla. Oct. 10, 1996), our holding in Stearns was limited to its facts and the specific offenses at issue and should not be interpreted as finding that double jeopardy bars multiple convictions and sentences for all firearm crimes that arise out of the same criminal episode.
As we held recently in M.P., there is no violation of double-jeopardy principles when two offenses at issue contain distinctly separate elements, even though they share the common element of possession of a firearm. M.P. at 80-82. In M.P., the defendant was charged with carrying a concealed weapon, which requires proof of the element of concealment, and possession of a firearm by a minor, which requires that the person possessing the weapon be under eighteen years of age. Id. Therefore, under section 775.021(4)(a), Florida Statutes (1993), we found in M.P. no violation of the constitutional right not to be placed in double jeopardy. Id. See also State v. Maxwell, 682 So.2d 83 (Fla.1996).
Next, Gaber argues that being punished twice for the same conduct of stealing a firearm violates his constitutional protection against double jeopardy. However, the United States Supreme Court overruled Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, *192 2086, 109 L.Ed.2d 548 (1990), and rejected Grady's "same-conduct" test. United States v. Dixon, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993). Thus, absent an explicit statement of legislative intent to authorize separate punishments for two crimes, application of the Blockburger[4] "same-elements" test pursuant to section 775.021(4), Florida Statutes (1993), is the sole method of determining whether multiple punishments are double-jeopardy violations. See Maxwell at 84. The same-elements test requires that two or more charged offenses must have the same elements to constitute a double-jeopardy violation. As we discussed above, the elements of grand theft and armed burglary require separate proof, and thus Gaber's conviction for both offenses does not violate principles of double jeopardy.
Finally, Gaber's argument that the charge of grand theft is a lesser-included offense is without merit. In section 775.021(4)(b), Florida Statutes (1993), the legislature created three exceptions to the Blockburger same-elements test. Gaber argues that his conviction falls under the third exception regarding lesser-included offenses. § 775.021(4)(b)(3), Fla.Stat. (1993). We disagree. In State v. Johnson, 676 So.2d 408 (Fla.1996), we applied the Blockburger test and found the charges of aggravated stalking and an injunction violation to be two separate offenses. We rejected the district court's conclusion that aggravated stalking is a "species of lesser-included offense" and that the charge of aggravated stalking is subsumed under the language of the injunction. Johnson at 411. We cited our opinion in State v. Weller, 590 So.2d 923, 926 (Fla.1991), in which we noted that "the Blockburger test by its very nature is designed to distinguish between ... crimes that are `necessarily lesser included' offenses and ... crimes that are not." Id. If two statutory offenses are found to be separate under Blockburger, then the lesser offense is not subsumed by the greater offense. Therefore, Gaber's charge of grand theft is not subsumed within his charge of armed burglary.[5]
In sum, the legislature set forth its rule of statutory construction in section 775.021(4)(b), Florida Statutes (1993), which clearly states that "[t]he intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction." In the instant case, legislative intent dictates that both crimes be prosecuted and that double jeopardy presents no constitutional bar.
Therefore, we hold that burglary and grand theft of a firearm are separate offenses, and double jeopardy does not bar a subsequent prosecution.
Accordingly, we resolve the conflict between the Third District and the First District. We approve the decision below and disapprove the First District's decision in Marrow. We decline review of the other issues petitioner has raised.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
ANSTEAD, J., concurs in result only.
NOTES
[1] Section 810.02(1), Florida Statutes (1993), provides that burglary is "entering or remaining in a structure or a conveyance with the intent to commit an offense therein."

Burglary becomes armed burglary if in the course of committing the offense, the offender "[i]s armed, or arms himself within such structure or conveyance, with explosives or a dangerous weapon." § 810.02(2)(b), Fla.Stat. (1993).
[2] Section 812.014(1), Florida Statutes (1993), provides that "[a] person commits theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently: (a) deprive the other person of a right to the property or a benefit therefrom."

Under section 812.014(2)(c)3., Florida Statutes (1993), theft becomes grand theft if the property stolen is a firearm.
[3] Section 775.021(4)(b)3, Florida Statutes (1993), excludes from the general rule of construction "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense."
[4] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The United States Supreme Court formulated a test to determine whether two offenses are the same for double-jeopardy purposes. The defendant in Blockburger was convicted by proof of a single sale of narcotics of violating two sections of a statute prohibiting sale of narcotics. The court held that even though both violations resulted from a single narcotics sale, the offenses were separate and distinct because "each provision require[d] proof of an additional fact which the other [did] not." Id. at 304, 52 S.Ct. at 182. The Blockburger test, also known as the "same-elements test," has been codified in Florida at section 775.021, Florida Statutes (1993), which contains three exceptions. § 775.021(4)(b)(1), (2), (3), Fla.Stat. (1993).
[5] We note that grand theft is not on the schedule of lesser-included offenses for burglary in the Florida Standard Jury Instructions in Criminal Cases. See Fla.Std.Jury Instr. (Crim.) 292.