689 So.2d 1065 (1997)
Willie JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 88664.
Supreme Court of Florida.
March 13, 1997.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Petitioner.
Robert A. Butterworth, Attorney General; Georgina Jimenez-Orosa, Senior Assistant Attorney General, Chief, West Palm Beach Bureau and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for Respondent.
WELLS, Judge.
We have for review Johnson v. State, 677 So.2d 71 (Fla. 4th DCA 1996), which is in direct conflict with Marrow v. State, 656 So.2d 579 (Fla. 1st DCA), review denied, 664 So.2d 249 (Fla.1995). These cases are in *1066 conflict over the question of whether separate convictions and sentences for two separate charges involving a firearm and arising from a single criminal episode violate principles of double jeopardy. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We resolve this conflict by holding that double jeopardy does not preclude separate convictions for armed trespass and grand theft arising out of the same episode because each offense has a statutory element that the other does not.
Johnson was charged in connection with an incident in which he reached into a car and took a gun owned by the car's driver, who was in the car at the time. For this criminal episode, Johnson was convicted of aggravated assault, armed trespass, and grand theft of a firearm. Johnson appealed, claiming that his convictions for both armed trespass under section 810.08, Florida Statutes (1993), and grand theft of a firearm under section 812.014, Florida Statutes (1993), violated his constitutional right not to be placed in double jeopardy. On appeal, the Fourth District Court of Appeal affirmed Johnson's convictions, holding that the dual adjudications did not violate the prohibition against double jeopardy. Johnson. The district court cited Gaber v. State, 662 So.2d 422 (Fla. 3d DCA 1995), in which the Third District Court of Appeal resolved a similar conflict by holding that armed burglary and grand theft of a firearm are separate offenses even if both offenses involve the same firearm, and therefore double jeopardy does not bar a subsequent prosecution. This Court approved the district court's decision in Gaber v. State, 684 So.2d 189 (Fla.1996).
Similarly, Johnson was convicted of armed trespass and grand theft of a firearm. Although each offense relates to a firearm, each also requires proof of an element that the other does not. The charge of armed trespass under chapter 810, Florida Statutes, entitled "Burglary and Trespass," provides that "[w]hoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or ... refuses to [depart], commits an offense of trespass in a structure or conveyance." § 810.08(1), Fla. Stat. (1993). Armed trespass requires proof that an offender is armed with a firearm or arms himself while in the structure or conveyance. Id. § 810.08(2)(c). However, the offense of trespass requires no proof that an offender necessarily intended to commit a theft or that the offender committed a theft to arm himself. The offense of grand theft is pursuant to chapter 812, Florida Statutes, entitled "Theft, Robbery, and Related Crimes," which provides that "[a] person commits theft if he knowingly obtains and uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently: (a) [d]eprive the other person of a right to the property or a benefit therefrom." Id. § 812.014(1)(a). An individual does not have to steal a gun in order to commit an armed trespass and does not have to commit an armed trespass in order to steal a gun. Each offense contains elements that the other does not. Therefore, double jeopardy presents no bar to prosecution under our holding in Gaber. Accordingly, we approve the decision of the district court as to both convictions and sentencing. As we did in Gaber, we disapprove the decision in Marrow. We decline review of the other issue petitioner has raised.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.