WELLS, Justice.
We have for review Hunter v. State, 685 So.2d 1332 (Fla. 2d DCA 1996), which addresses the same issue which we recently resolved in Gaber v. State, 684 So.2d 189 (Fla.1996). We have jurisdiction. Art. Y, § 3(b)(3), Fla. Const.
In Hunter, the defendant was convicted at trial of, among other charges, two counts of armed burglary, section 810.02(2)(b), Florida Statutes (1993), and one count of grand theft of a firearm, section 812.014(2)(c), Florida Statutes (1993), for events arising from the same criminal episode. On appeal to the Second District, the court relied on Marrow v. State, 656 So.2d 579 (Fla. 1st DCA), review denied, 664 So.2d 249 (Fla.1995), and found that double jeopardy precluded the conviction for both charges where the act of stealing a firearm converted the burglary into an armed burglary. Hunter, 685 So.2d at 1332. Consequently, the court vacated the conviction for grand theft of a firearm.
In Gaber, we confronted the same issue as Hunter but resolved the issue to the contrary. There, we disapproved Marrow and held that double jeopardy does not preclude separate convictions because grand theft and armed burglary have separate statutory elements. Gaber. In accordance with our decision in Gaber, we quash the district court’s decision in this case and remand with directions that the defendant’s conviction for grand theft of a firearm be affirmed.[1]
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ„ concur.

. Since the other issues addressed by the district court are not before us, we do not address them. Further, we decline to address the other issues raised by the respondent.