724 So.2d 1223 (1998)
Henry Lewis DUHART, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4451
District Court of Appeal of Florida, First District.
December 31, 1998.
Rehearing Denied February 10, 1999.
*1224 Nancy A. Daniels, Public Defender, and Angela Shelley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Randy L. Havlicak, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Appellant, Henry Lewis Duhart, was convicted and sentenced for the offenses of burglary of a conveyance with assault and attempted carjacking. He now argues that these convictions and sentences violate his double-jeopardy protections as codified under section 775.021(4)(b), Florida Statutes (1997). Specifically, appellant argues that under section 755.021(4)(b)3., the greater offense of burglary with assault subsumed the lesser offense of attempted carjacking and, therefore, he may not be punished for both crimes.
In Florida, the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), has been codified in section 775.021(4):
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Appellant contends that the State charged and proved the burglary in such a way that it subsumed the statutory elements of attempted carjacking. He invites us to construe section 775.021(4)(b)3. as including permissive lesser included offenses, as well as necessarily included lesser offenses. In particular, he asserts that, on the facts of this case, attempted carjacking is a permissive lesser included offense of burglary with assault, and *1225 that subsection (4)(b)3. prohibits conviction and sentencing for both offenses. We reject this argument based on precedent from the Florida Supreme Court.
"Necessarily lesser included offenses were listed in section 775.021(4)(b)3 as an exception to the stated legislative intent to convict for each criminal offense committed in the course of one criminal transaction because by definition necessarily lesser included offenses do not have any elements which are not also contained in the greater offense." State v. Johnson, 601 So.2d at 219, 221 (Fla.1992). "An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense." State v. McCloud, 577 So.2d 939, 941 (Fla.1991). The Florida Supreme Court has thus indicated that section 775.021(4)(b)3. applies to only necessarily lesser included offenses.
Further, under the supreme court's construction of the statute, the court must compare the statutory elements of the lesser offense with the statutory elements of the greater offense, rather than compare the statutory elements of the lesser offense with the charged elements of the greater offense, as appellant would prefer. See Gaber v. State, 684 So.2d 189, 190-91 (Fla.1996). In Gaber, the court rejected the argument that double jeopardy precluded separate convictions for armed burglary and grand theft of a firearm. The court explained, "our double-jeopardy analysis must look only to the statutory elements of armed burglary and grand theft of a firearm." Id. at 190. The court further explained, "[i]f two statutory offenses are found to be separate under Blockburger, then the lesser offense is not subsumed by the greater offense." Id. at 192.
In this case, appellant admits that the two statutory offenses are separate under Blockburger because each offense contains an element not contained in the other. See State v. Johnson, 676 So.2d 408, 411 (Fla.1996). Accordingly, the lesser offense of attempted carjacking is not subsumed by the greater offense of burglary of a conveyance with assault, and section 775.021(4)(b)3. does not preclude punishment for both offenses.
AFFIRMED.
BARFIELD, C.J. and ALLEN, J., concur.