EN BANC

DAVIS, Judge.
Melvin Washington (“Washington”) appeals his convictions for first-degree burglary with a battery[1] and aggravated battery.[2] These offenses occurred during the same criminal episode, when Washington broke into a home with an accomplice and struck one of the occupants on the head with a hammer. Washington argues that his convictions violate the prohibition against double jeopardy because he is being punished for the “same conduct,” and the first-degree burglary with a battery charge subsumed the aggravated battery charge. We disagree.
In United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court overruled Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and rejected the “same-conduct” test. See Gaber v. State, 684 So.2d 189, 191 (Fla.1996). Absent an explicit statement by the legislature to authorize separate punishments for multiple crimes, application of the Blockburger “same-elements” test[3] pursuant to subsection 775.021(4), Florida Statutes (1997), is the sole method of determining whether multiple punishments are double-jeopardy violations. See Gaber, 684 So.2d at 192. Subsection 775.21(4) provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The district courts have not uniformly applied this statute. In 1995, the Fifth *18 District, in Crawford v. State, 662 So.2d 1016, 1017 (Fla. 5th DCA 1995), concluded that subsection 775.21(4) prevented the State from convicting Crawford of both first-degree burglary with a battery and aggravated battery when both offenses occurred during the same criminal episode. In Billiot v. State, 711 So.2d 1277, 1278-79 (Fla. 1st DCA 1998), the First District disagreed with the Fifth District’s decision in Crawford. The First District reasoned that since the State must prove an additional element to convict on an aggravated battery charge, as opposed to a simple battery charge, subsection 775.21(4) authorizes separate punishments for first-degree burglary with a battery and aggravated battery. See Billiot, 711 So.2d at 1279. We agree with the First District’s decision in Billiot.
This appeal compels us to revisit our decision in Henderson v. State, 727 So.2d 284 (Fla. 2d DCA 1999), from which we now recede to the extent that it conflicts with our decision here. The State convicted Henderson of first-degree burglary with an assault and aggravated assault. See id. This court reversed Henderson’s aggravated assault conviction after the State conceded error. See id. at 286. Our opinion in Henderson cited several cases [4] in support of its holding; however, upon closer review, those decisions are distinguishable from Henderson and the case sub judice.
In Whatley v. State, 679 So.2d 1269, 1270 (Fla. 2d DCA 1996), this court ruled that the appellate counsel was ineffective for failing to raise a double jeopardy claim in circumstances similar to these under review. However, this court did not specifically rule on the merits of that double jeopardy issue. Hence, Whatley is distinguishable from Henderson.
In both Austin v. State, 699 So.2d 314, 316 (Fla. 1st DCA 1997), and Febles v. State, 654 So.2d 615, 616 (Fla. 3d DCA 1995), the district courts held that dual convictions for burglary with an assault and simple assault violated the double jeopardy clause. Again, these decisions are distinguishable from Henderson.
Accordingly, we recede from that portion of Henderson which conflicts with our ruling here, affirm Washington’s convictions, and certify conflict with Crawford.
PATTERSON, C.J., CAMPBELL, THREADGILL, PARKER, ALTENBERND, BLUE, FULMER, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES, and STRINGER, JJ., Concur.

. See § 810.02(2)(a), Fla. Stat. (1997).

. See § 784.045(1)(a), Fla. Stat. (1997).

. “[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.” Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Whatley v. State, 679 So.2d 1269, 1270 n. 3 (Fla. 2d DCA 1996); Austin v. State, 699 So.2d 314, 316 (Fla. 1st DCA 1997); Febles v. State, 654 So.2d 615, 616 (Fla. 3d DCA 1995).