997 So.2d 1215 (2008)
Brandon POTTER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-3094.
District Court of Appeal of Florida, First District.
December 24, 2008.
Brandon Potter, pro se, Appellant.
Bill McCollum, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleges in his second claim that the imposition of a three-year mandatory minimum is improper for his offense of possession of a firearm by a delinquent. Because the appellant's claim is facially sufficient and not refuted by record attachments, we reverse and remand for further proceedings. The remaining claims raised by the appellant are affirmed without further discussion.
*1216 Under section 775.087(2)(a), Florida Statutes (2005), a mandatory minimum sentence applies to a defendant's conviction for possession of a firearm by a convicted felon. Because the appellant was convicted of possession of a firearm by a delinquent and this offense is not specifically enumerated in the statute, it was error for the judge to use this conviction as a basis for a mandatory three-year sentence. See Johnson v. State, 677 So.2d 71, 72 (Fla. 4th DCA 1996) (holding that armed trespass and grand theft were not specifically enumerated offenses and a three-year mandatory minimum sentence was inapplicable); Kennedy v. State, 564 So.2d 1127, 1130 (Fla. 1st DCA 1990) (holding that conspiracy to commit robbery while armed with a firearm is not a specifically enumerated offense).
Accordingly, we reverse the appellant's second claim and remand for the trial court to strike the three-year mandatory minimum sentence.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BROWNING, C.J., KAHN and BENTON, JJ., concur.