# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2257
Lower Tribunal No. 21-153
_____

**D.G.D., a Juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sonia Perez, Assistant Attorney General, for appellee.


Before EMAS, SCALES and GORDO, JJ.

GORDO, J.

D.G.D., a juvenile, appeals from the trial court's finding of delinquency as to two separate offenses committed in one single episode: grand theft of a motor vehicle and burglary of an unoccupied conveyance. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). D.G.D. argues that double jeopardy bars his conviction for burglary because burglary is a lesser offense of grand theft of a motor vehicle and is therefore subsumed by the grand theft of a motor vehicle conviction. Finding no error in the trial court's ruling, we affirm.

In April 2021, the State filed a two-count delinquency petition alleging D.G.D. committed grand theft of a motor vehicle and burglary of an unoccupied conveyance. The trial court held an adjudicatory hearing on the petition and found D.G.D. committed the offenses beyond a reasonable doubt. The trial court then held a disposition hearing, withheld adjudication and imposed probation with the possibility of early termination after one year.

The Double Jeopardy Clause of the federal Constitution and the Florida Constitution protects criminal defendants from multiple convictions and punishments for the same offense. See Amend. V, U.S. Const.; Art. I, § 9, Fla. Const. "In determining the constitutionality of multiple convictions and sentences for offenses arising from the same criminal transaction, the dispositive question is whether the legislature 'intended to authorize

2

separate punishments for the two crimes.'" M.P. v. State, 682 So. 2d 79, 81 (Fla. 1996) (quoting Albernaz v. United States, 450 U.S. 333, 344 (1981)). Where there is no clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger "same-elements" test, codified in section 775.021, Florida Statutes (2021), to determine whether multiple convictions are prohibited. See Blockburger v. U.S., 284 U.S. 299, 304 (1932).

Section 775.021 provides:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
>
> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
>
> 1. Offenses which require identical elements of proof.
>
> 2. Offenses which are degrees of the same offense as provided by statute.

3

> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021, Fla. Stat. "[I]n applying section 775.021 to a single criminal transaction or episode, we look to see whether the episode constitutes more than one separate criminal offense." State v. Johnson, 676 So. 2d 408, 410 (Fla. 1996). "Offenses are separate if each offense requires proof of an element that the other does not." Id.; see also Gaber v. State, 684 So. 2d 189, 192 (Fla. 1996) ("The same-elements test requires that two or more charged offenses must have the same elements to constitute a double-jeopardy violation.")

Here, D.G.D. was convicted of grand theft of a motor vehicle[1] and burglary of an unoccupied conveyance.[2] The offense of grand theft of a motor vehicle has three elements: (1) the defendant knowingly obtains or uses, or knowingly endeavors to obtain or to use; (2) the motor vehicle of another; (3) with intent to, either temporarily or permanently: (a) deprive the owner or lawful possessor of the motor vehicle of a right to the motor vehicle or a benefit from it, or (b) appropriate the motor vehicle to his or her own use or to the use of any person not entitled to the use of it. See § 812.014(1),

---

[1] In violation of section 812.014(2)(c)6., Florida Statutes.
[2] In violation of section 810.02(4)(b), Florida Statutes.

Fla. Stat.; see also Jones v. State, 666 So. 2d 960, 964 (Fla. 3d DCA 1996). The elements of the offense of burglary of an unoccupied conveyance are: (1) entering or remaining in a dwelling, a structure, or a conveyance; (2) with the intent to commit an offense therein. See § 810.02(1)(b)1., Fla. Stat.

Pursuant to the Blockburger test, if each offense has an element the other does not, double jeopardy presents no bar to conviction. See Gaber, 684 So. 2d at 191; Johnson v. State, 689 So. 2d 1065, 1066 (Fla. 1997). Here, each offense D.G.D. was convicted of requires proof of an element the other does not. Grand theft of a motor vehicle requires proof the defendant obtained or used the motor vehicle of another, while burglary requires proof the defendant entered a conveyance owned by another. Therefore, D.G.D.'s convictions are not barred under the Blockburger test.

Our analysis, however, continues because the legislature has provided three exceptions to the Blockburger same-elements test and the legislature's intent to "convict and sentence [separately] for each criminal offense committed in the course of one criminal episode or transaction." See § 775.021(4)(b), Fla. Stat. Section 775.021(4)(b) lists these exceptions, indicating they arise when: (1) the offenses require identical elements of proof; (2) the offenses are degrees of the same offense as provided by statute; and (3) the offenses are lesser offenses the statutory elements of

which are subsumed by the greater offense. See § 775.021(4)(b), Fla. Stat. D.G.D. asserts his convictions fall under the third exception because burglary is a lesser included offense, the elements of which are subsumed by the greater offense of grand theft of a motor vehicle.

First, Florida courts have held "[i]f two statutory offenses are found to be separate under Blockburger, then the lesser offense is not subsumed by the greater offense." Gaber, 684 So. 2d at 192. The Florida Supreme Court noted this is because "the Blockburger test by its very nature is designed to distinguish between . . . crimes that are 'necessarily lesser included' offenses and . . . crimes that are not." State v. Weller, 590 So. 2d 923, 926 (Fla. 1991). As noted above, the offenses D.G.D. was charged with are separate under Blockburger, and therefore this exception does not apply.

Second, burglary is not a lesser included offense of grand theft of a motor vehicle. The standard jury instructions, approved by the Florida Supreme Court, indicate the only lesser included offense of grand theft of a motor vehicle is trespass to a conveyance. See Fla. Std. Jury Instr. (Crim.) 14.1. We note that even if D.G.D. had argued grand theft of a motor vehicle was a lesser included offense of burglary of an unoccupied conveyance, the standard jury instructions would belie that argument as well. The lesser included offenses of burglary of an unoccupied conveyance are attempted

6

burglary, trespass and criminal mischief.  <u>See</u> Fla. Std. Jury Instr. (Crim.) 13.1.  We therefore find no error in the trial court's determination that D.G.D.'s conviction for burglary is not subsumed within his conviction of grand theft of a motor vehicle in violation of the double jeopardy clause.

Affirmed.