727 So.2d 284 (1999)
Jerome HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03391.
District Court of Appeal of Florida, Second District.
February 10, 1999.
*285 James Marion Moorman, Public Defender, and Frank D.L. Winstead, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Jerome Henderson appeals the judgment and sentence rendered after a jury found him guilty of burglary and aggravated assault. We agree with Henderson that double jeopardy prevents both convictions and that the habitual felony offender sentence was improper. Although we do not find that Henderson's other claims require reversal, we note that the prosecutor's comments during trial were improper. Accordingly, we affirm the burglary conviction and remand for resentencing.
At trial, Henderson's girlfriend testified that, although Henderson had lived with her in the past, he had moved out six months before the events in question. Henderson's girlfriend and her sister both testified that on July 30, 1995, Henderson kicked in the front door of the girlfriend's apartment, pointed a firearm at the girlfriend, and ran out when a friend arrived. The girlfriend's mother testified that Henderson then ran down the street past her house and shot the firearm three times in the air. A police officer testified that the front door of the house had been forced open, and the State entered a photograph into evidence which depicted the damage. The police also found one nine millimeter shell casing near where the mother stated she saw Henderson fire the weapon.
Henderson, a five-time convicted felon, testified that he lived at the apartment where this incident occurred and, therefore, had a right to be there. He denied entering illegally and wielding a firearm during the confrontation with his girlfriend. The jury found Henderson guilty of burglary and found that he committed an assault while armed during the burglary. The jury also found Henderson guilty of aggravated assault with a firearm. Henderson raises four issues on appeal, three of which merit discussion.
First, Henderson claims that Assistant State Attorney Mooney's remarks throughout trial constituted prosecutorial misconduct. During closing arguments, Mooney stated:
[Henderson], based upon the testimony here today, would not know the truth if it hit him up side the head.
. . . .
It comes down to this, folks. If you believe what he said on that witness stand, check not guilty. Let him go. But that will mean that [the witnesses] are all a pack of liars. That they all made this up just to get poor old Jerome Henderson.
. . . .
If you believe [Henderson's girlfriend], period. It's over. You have been convinced that he committed the crime.
. . . .
So what does [Henderson] do? Improvise. Modify. Comes up here with this fairy tale.
. . . .
Let's not forget about [the mother]. She is making this up, too. Sure.... She is in on the conspiracy. It's grand conspiracy. Everyone is involved. We better check to see where they were on November of '63 to see if they were involved with J.F.K. The grand conspiracy here.
We agree that these comments constitute improper remarks about Henderson's truthfulness,[1] and improperly shift the burden *286 of proof. See Gore v. State, 719 So.2d 1197, 1200 (Fla.1998). However, Henderson failed to preserve the errors by contemporaneous objection. See Chandler v. State, 702 So.2d 186 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998); Parker v. State, 705 So.2d 959 (Fla. 2d DCA 1998). Furthermore, in light of the evidence against Henderson, we find that the remarks did not constitute fundamental error. See Kilgore v. State, 688 So.2d 895, 898 (Fla. 1996), cert. denied, ___ U.S. ___, 118 S.Ct. 103, 139 L.Ed.2d 58 (1997) (prosecutorial misconduct is fundamental error when, but for the misconduct, the jury could not have reached a verdict). Accordingly, Henderson has waived review of these remarks on appeal. See id. Henderson raises several additional challenges to comments made throughout the trial; however, we find that these comments were harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Second, Henderson contends, and the State concedes, that the convictions violate double jeopardy. Florida courts have recognized that convictions for assault and burglary with assault violate double jeopardy if the assault arose out of the burglary. See Whatley v. State, 679 So.2d 1269 n. 3 (Fla. 2d DCA 1996); Austin v. State, 699 So.2d 314, 316 (Fla. 1st DCA 1997); Febles v. State, 654 So.2d 615, 616 (Fla. 3d DCA 1995). In this case, the assault consisted of Henderson pointing a firearm at his girlfriend after breaking into her house. Because the assault arose out of the burglary, we reverse the aggravated assault conviction.
Third, the State also concedes that the trial court erred in sentencing Henderson as a habitual felony offender because the legislation which subjected life felonies to habitual felony offender sentencing became effective after Henderson committed the instant crimes. Under section 775.087, Florida Statutes (1995), burglary while armed with a firearm is classified as a life felony. While section 775.084(4)(a)1, Florida Statutes (1995), subjects life felonies to habitual felony offender sentences, it does not apply to crimes committed before it became effective on October 1, 1995. See Nathan v. State, 689 So.2d 1150, 1152 n. 4 (Fla. 2d DCA 1997). The incidents in this case occurred on July 30, 1995; therefore, section 775.084(4)(a)1 does not apply, and the habitual felony offender sentence was error.
Accordingly, we affirm the burglary conviction and reverse and remand for the trial court to strike the conviction for aggravated assault. On remand, the court should resentence Henderson for burglary with assault while armed without classifying him as a habitual felony offender.
PARKER, C.J., and WHATLEY, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] See Bass v. State, 547 So.2d 680, 682 (Fla. 1st DCA 1989) (asking the jury to convict the accused because he lied asks the jury to convict the defendant for a reason other than his guilt). See also R. Regulating Fla. Bar 4-3.4(e) (lawyer shall not state a personal opinion as to the credibility of a witness).