745 So.2d 535 (1999)
James TURNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-3613.
District Court of Appeal of Florida, First District.
December 8, 1999.
James Turner, pro se, petitioner.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
James Turner seeks a belated appeal from a judgment and sentence entered in November 1995. According to Turner, the trial court did not inform him of his right to appeal at the time he was sentenced and his trial attorney did not explain his right to appeal. The state opposes the petition, arguing that it is time barred because it was not timely raised in a motion for postconviction relief. We disagree. To the extent the petition relies upon a theory of ineffective assistance of trial counsel, we find it to be timely under the rationale of Edwards v. State, 745 So.2d 1060 (Fla. 1st DCA 1999). Petitioner's second theory, that the trial court failed to inform him of his right to appeal, would also entitle him to relief. Baker v. State, 224 So.2d 331 (Fla. 1st DCA 1969). Since this claim was never cognizable through a Rule 3.850 motion, Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991), the state's timeliness theory as to that portion of the petition is without merit.
The respondent's opposition to the petition is limited to its timeliness argument and we find accordingly that petitioner is entitled to the belated appeal he seeks. Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998). The petition for belated appeal from judgment and sentence in Okaloosa County case number 95-961 CFA is granted. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the lower tribunal for treatment as a notice of appeal. Fla. R.App. P. 9.140(j)(5)(D). If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent petitioner on appeal.
ERVIN, LAWRENCE and PADOVANO, JJ., concur.