LAWRENCE, J.
Anthony Baldwin (Baldwin) was charged and convicted of four offenses, including one count of first degree burglary of a dwelling with assault while armed with a firearm,[1] and one count of aggravated assault with a firearm. Baldwin was sen *435 tenced, under section 775.082(8), Florida Statutes (1997), as a prison releasee reof-fender.
Baldwin challenges section 775.082(8) on various constitutional grounds which have been rejected by this court in Turner v. State, 745 So.2d 535 (Fla. 1st DCA 1999), and Durden v. State, 743 So.2d 77 (Fla. 1st DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999); Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999). As in Woods, we certify the following question to the Florida Supreme Court as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Baldwin also challenges his dual convictions on the grounds that the convictions violate the prohibition against double jeopardy. Because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm, Baldwin’s dual convictions are in violation of the prohibition against double jeopardy. Henderson v. State, 727 So.2d 284 (Fla. 2d DCA 1999). Accordingly, we reverse with instructions to vacate Baldwin’s conviction for aggravated assault. We affirm in all other respects.
BARFIELD, C.J., and BROWNING, J., concur.

. Baldwin was charged and convicted, in one count, of committing first degree burglary by committing armed burglary with a firearm in violation of section 810.02(2)(b), Florida Statutes (1997), and by committing burglary with an assault or battery in violation of section 810.02(2)(a), Florida Statutes.