JACOBUS, J.
Appellant, Edgardo Estremera (“Es-tremera”), appeals his convictions and sentences for burglary of a structure with an assault while armed with a firearm, robbery with a firearm, petit theft, and three counts of aggravated assault with a fire *512 arm. Estremera raises several issues on appeal, only one of which merits discussion.
Estremera challenges his convictions for aggravated assault with a firearm and burglary with an assault while armed with a firearm on the grounds that the convictions violate double jeopardy. “[A]ll of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm.” White v. State, 753 So.2d 668, 669 (Fla. 1st DCA 2000). Thus, the State has properly conceded error with regard to Estremera’s dual convictions for aggravated assault with a firearm and burglary with assault while armed with a firearm, and one of Estrem-era’s aggravated assault convictions must be vacated as a violation of the prohibition against double jeopardy. However, because there were three separate victims of aggravated assault in this case, the two remaining aggravated assault convictions do not violate double jeopardy. See Mauldin v. State, 9 So.3d 25, 28 (Fla. 4th DCA 2009) (concluding that it is clear from the assault statute that “[t]he legislature intended separate punishments when a defendant’s threat places more than one person in well-founded fear,” and, thus, multiple convictions under the assault statute arising from a single criminal episode do not violate the prohibition against double jeopardy). Accordingly, we reverse with instructions to vacate one of Estremera’s convictions for aggravated assault. Because Estremera’s sentencing scoresheet must be recalculated, we also remand for resentencing on the remaining convictions which are affirmed. Estrem-era is entitled to be present when he is resentenced. See Orta v. State, 919 So.2d 602 (Fla. 3d DCA 2006) (concluding that resentencing on a recalculated scoresheet is not a “ministerial act,” and, thus, the defendant had the right to be present).
AFFIRMED in part, REVERSED in part, and REMANDED with instructions
TORPY and EVANDER, JJ, concur.