PER CURIAM.
The appellant presents two issues on appeal. First, he argues that the prosecutor’s improper comments in closing argument deprived him of a fair trial. We find no merit in this issue and affirm. Second, he argues that his convictions for burglary with an assault or battery while armed with a firearm and aggravated assault with a firearm violated double jeopardy. We agree.
The appellant was charged with burglary of a dwelling with an assault or battery upon Y.J. while armed with a firearm (Count I), aggravated assault upon Y.J. with a firearm (Count II), burglary of a dwelling with an assault or battery upon K.J. while armed with a firearm (Count III), domestic battery by strangulation of K.J. (Count IV), aggravated assault upon K.J. with a firearm (Count V), and possession of a firearm by a convicted felon (Count VI).[1]
A jury trial was held. The evidence at trial showed the following. In the afternoon of May 8, 2011, the appellant entered Y.J.’s apartment without permission, searching for his former girlfriend, K.J. Y.J. informed the appellant that K.J. was not there. The appellant waved a firearm, which frightened Y.J. Y.J. informed the appellant that she would call the police if he put a gun in her face again. The appellant left, vowing to return.
Twenty minutes later, when Y.J. and K.J. were both at the apartment, the appellant returned. He pointed a firearm at Y.J. and stated that he would shoot if K.J. did not come out. K.J. was hiding in a closet where the appellant located her, pulled her out, and began choking her while holding a firearm. Y.J. went next door and called the police. She could hear K.J. yelling for help and was fearful that the appellant would kill K.J. The police responded to the scene, and the appellant came out of the bedroom. A loaded firearm was recovered from the bedroom.
The jury returned a verdict finding the appellant guilty as charged in Counts I, II, III, and V. In Count IV, the jury found the *1278 appellant guilty of the lesser-included offense of battery. The appellant was sentenced to life in prison as a prison releasee reoffender on Counts I and III, concurrent sentences of five years in prison on Counts II and V, and one year in jail on Count IV.
The appellant’s claim of double jeopardy is cognizable for the first time on appeal and is reviewed de novo. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006). This Court has previously recognized that, because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with an assault while armed with a firearm, convictions for both the burglary and the aggravated assault violate the prohibition against double jeopardy. See White v. State, 753 So.2d 668, 669 (Fla. 1st DCA 2000); Estremera v. State, 107 So.3d 511 (Fla. 5th DCA 2013).
The State properly concedes error regarding the dual convictions for burglary with an assault while armed with a firearm and aggravated assault upon K.J. (Counts III and V). However, with regard to the allegations involving Y.J. (Counts I and II), the State argues that the appellant committed more than one criminal act in more than one criminal episode; therefore, no double jeopardy occurred. Given the record before us, we cannot agree.
Here, the State presented the jury with facts under which they could have found two distinct assaults on Y.J. The State contends that the jury found that the burglary with an assault was based on the first entry and the aggravated assault conviction was based on the second entry. However, testimony was elicited that the appellant threatened Y.J. with a firearm on both occasions, frightening her both times. Thus, it is plausible that Counts I and II both related to the initial entry. The jury could have concluded that either two or one assaults happened based upon the facts presented and argued. Furthermore, it is impossible to tell from the verdict form whether the jury found that two distinct assaults occurred, constituting two separate criminal acts. Given the record before us, the verdict should be read in the manner most favorable to the appellant. See Sanders v. State, 74 So.3d 561 (Fla. 5th DCA 2011) (holding that, where double jeopardy was implicated and it was impossible to tell from the verdict form if the jury found two distinct acts, the verdict must be read in a manner that would give the benefit of the doubt to the defendant).
We find that the dual convictions for burglary with an assault while armed with a firearm and aggravated assault with a firearm upon both Y.J. and K.J. violate double jeopardy. Where double jeopardy is implicated, the general rule is to reverse the lesser offense that is subsumed by the other in its totality. See Pizzo, 945 So.2d at 1206. Thus, we reverse with instructions to vacate the appellant’s convictions for aggravated assault with a firearm in Counts II and V.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, ROBERTS, and MAKAR, JJ., concur.

. Count VI was severed for trial.