PER CURIAM.
Michael McGhee was convicted of (1) burglary of a dwelling, with the finding that McGhee committed an assault or battery within the dwelling and the special findings that McGhee did actually carry, display, use, threatened to use, or attempt to use a firearm and did actually possess a firearm during the commission of the crime and discharged the firearm; (2) aggravated assault, with the special finding that McGhee possessed and discharged a firearm during that offense; and (3) battery (domestic violence).[1] McGhee argues that the court erred in denying his motion for judgment of acquittal on the burglary of a dwelling with an assault or battery because his attorney rendered ineffective assistance by failing to request an instruction relative to his defense that he had the right to enter the dwelling. He also argues that his multiple convictions for burglary with an assault or battery, aggravated assault, and battery violate double jeopardy.
As to the burglary of a dwelling conviction and McGhee’s ineffective assistance of counsel argument, we affirm without prejudice to McGhee to file an appropriate motion pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Regarding his double jeopardy argument, McGhee contends that because the burglary of a dwelling with assault and battery, aggravated assault with a firearm, and battery convictions involve the same victim and occurred in the same incident, the convictions for battery and aggravated assault with a firearm violate the constitutional prohibition against double jeopardy. McGhee is correct. We, therefore, reverse his conviction for aggravated assault with a firearm because it is subsumed into the greater offense of burglary of a dwelling with an assault or battery while armed with a firearm. See Green v. State, 120 So.3d 1276, 1278 (Fla. 1st DCA 2013) (“[B]ecause all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with an assault while armed with a firearm, convictions for both the burglary and the aggravated assault violate the prohibition against double jeopardy.” (citing Estremera v. State, 107 So.3d 511 (Fla. 5th DCA 2013); White v. State, 753 So.2d 668, 669 (Fla. 1st DCA 2000))); see also Babrow v. State, 62 So.3d 1205, 1206 (Fla. 4th DCA 2011).
The conviction for battery must also be reversed because a conviction for both burglary with an assault or battery and simple battery arising from the same criminal episode also violates double jeopardy. Torna v. State, 742 So.2d 366, 367 (Fla. 3d DCA 1999); see also West v. *1139 State, 21 So.3d 916 (Fla. 5th DCA 2009) (holding convictions for both burglary with a battery and battery (domestic violence) violate double jeopardy). Because we reverse the convictions for battery and aggravated assault with a firearm, we remand this case to the trial court to enter a corrected judgment deleting those convictions.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, ORFINGER, and EVANDER, JJ., concur.

. McGhee was also convicted of tampering with a witness.