IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL LEE SMITH,

       Appellant,

v.

STATE OF FLORIDA,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4394

Opinion filed January 20, 2015.

An appeal from the Circuit Court for Duval County.
James H. Daniel, Judge.

Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant broke into a trailer brandishing a BB gun and demanded money from the three individuals inside: Robert Dodd, Rebecca Dodd, and Courtney Barnes. The victims did not have any money and Appellant left without further

incident. Appellant was charged with "armed burglary with assault or battery" (count I),[1] three counts of attempted armed robbery (counts II-IV), and possession of a firearm by a convicted felon (count V). The jury found Appellant guilty on count I, with specific findings that Appellant was armed with explosives or a dangerous weapon (but not a firearm) and that he committed an assault during the burglary; guilty on count II (Mr. Dodd); and guilty of the lesser included offense of aggravated assault on counts III and IV (Ms. Dodd and Ms. Barnes).[2] Appellant was sentenced to concurrent prison terms of 20 years on count I, 15 years on count II, and 5 years on counts III and IV.

Appellant argues in this direct appeal that his aggravated assault convictions (counts III and IV) violate the prohibition against double jeopardy because those offenses are subsumed within his conviction for armed burglary with an assault (count I). We agree. See Green v. State, 120 So. 3d 1276, 1278 (Fla. 1st DCA 2013) ("[B]ecause all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with an assault while armed with a firearm, convictions for both the burglary and the aggravated assault violate

---

[1] This charge is an amalgamation of sections 810.02(2)(a) and (2)(b), Florida Statutes (2011), which provide that burglary is a first-degree felony if, in the course of committing the burglary, the defendant "[m]akes an assault or battery upon any person" or "[i]s or becomes armed . . . with explosives or a dangerous weapon."

[2] Count V was severed for purposes of trial and was subsequently dismissed based upon the jury's finding that Appellant did not possess a firearm.

2

the prohibition against double jeopardy."); <u>White v. State</u>, 753 So. 2d 668, 669 (Fla. 1st DCA 2000) (same). Accordingly, we reverse and remand for the trial court to vacate Appellant's convictions for counts III and IV. <u>See</u> <u>Farrier v. State</u>, 145 So. 3d 199, 200 (Fla. 5th DCA 2014) (in case involving two victims, vacating both convictions for aggravated assault with a firearm on double jeopardy grounds because those offenses were subsumed within the defendant's conviction of burglary with an assault or battery with a firearm); <u>but see</u> <u>Estremera v. State</u>, 107 So. 3d 511, 512 (Fla. 5th DCA 2013) (in case involving three victims, vacating only one of the aggravated assault convictions as being subsumed within the defendant's conviction of burglary with an assault while armed). We affirm Appellant's convictions and sentences in all other respects.[3]

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

WOLF, THOMAS, and WETHERELL, JJ., CONCUR.

---

[3] We find no merit in the other issue raised by Appellant.