IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAMION DYKES,

      Appellant,

 v.                                     Case No.  5D15-3628

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 24, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Christi L. Underwood, Judge.

Damion Dykes, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Damion Dykes was convicted of several offenses, including burglary of a dwelling

with an assault or battery with a firearm (count 1), aggravated battery with a firearm (count

3), and aggravated assault with a firearm (count 5).  Although it is not clear from our

limited record, the offenses appear to have arisen from the same incident and involved

the same victim.  In his amended rule 3.850 motion for postconviction relief, in grounds

III and V, Dykes contends that convictions of all three offenses violate his protection against double jeopardy.

"Double jeopardy claims are properly the subject of Rule 3.850 relief." Rios v. State, 889 So. 2d 940, 941 (Fla. 5th DCA 2004) (citing Wilson v. State, 693 So. 2d 616 (Fla. 2d DCA 1997)). Recently, in Hankins v. State, 164 So. 3d 738, 738 (Fla. 5th DCA 2015), this Court concluded that "convictions for aggravated battery with a firearm and aggravated assault with a firearm violate double jeopardy because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm." See McGhee v. State, 133 So. 3d 1137 (Fla. 5th DCA 2014) (holding that convictions for burglary of dwelling with assault or battery, aggravated assault with firearm, and domestic violence battery, all involving same victim and occurring in same incident, violated double jeopardy, and required reversal of assault and battery convictions); Estremera v. State, 107 So. 3d 511, 512 (Fla. 5th DCA 2013) (holding that defendant's convictions for aggravated assault with firearm and burglary with assault while armed violated double jeopardy because all elements of crime of aggravated assault with firearm are contained within crime of burglary with assault while armed with firearm); see also Finkley v. State, 16 So. 3d 329 (Fla. 4th DCA 2009) (holding aggravated battery is subsumed into greater offense of burglary with aggravated battery).

Consequently, we affirm the trial court's summary denial of all claims except grounds III and V of Dykes's amended rule 3.850 motion for postconviction relief. As to those two grounds, we remand to the trial court to determine if double jeopardy bars Dykes's convictions for aggravated battery with a firearm and aggravated assault with a firearm because they were subsumed into the greater offense of burglary of a dwelling

2

with an assault or battery with a firearm.  See Hankins, 164 So. 3d at 738; McGhee, 133 So. 3d at 1139.

AFFIRMED in part; REVERSED in part; REMANDED.

PALMER, ORFINGER and EDWARDS, JJ., concur.