Per Curiam.
We affirm the trial court’s order denying appellant’s motion for postconviction relief. Because our rationale for affirmance differs from that of the trial court, we write to explain why appellant’s double jeopardy claim lacks merit. We certify conflict with decisions of the First and Fifth District Courts of Appeal, which have found a double jeopardy violation where a defendant is convicted of burglary with an assault and aggravated assault committed in the same episode.

Background

The following summary of the evidence is derived from appellant’s direct appeal, which was reversed in part for resentenc-ing. Tambriz-Ramirez v. State, 112 So.3d 767 (Fla. 4th DCA 2013).
Armed with a knife and using a shirt as a mask, appellant broke into the victim’s home at night and attempted to sexually batter her. The victim testified that during the attack, appellant put the knife to her face and neck. The victim fought off the attacker and, after pulling off the mask, recognized appellant, whom she knew. Appellant ultimately confessed his guilt to police and sent letters to the victim before trial, apologizing and asking her to drop the charges.
The State charged appellant as follows: Count 1, Burglary of a Dwelling with an Assault or Battery While Armed and Masked; Count 2, Aggravated Assault with a Deadly Weapon While Masked; and Count 3, Attempted Sexual Battery—Person 12 Years of Age or Older—Using Great Force or a Deadly Weapon.
The jury convicted appellant as charged on all counts and in a special interrogatory on the verdict form for Count 1 found that during the commission of the burglary he was armed or became armed with “a deadly weapon.” The court sentenced him to life in prison for the burglary, a consecutive 15 years in prison for the aggravated assault, and a consecutive 30 years in prison for the attempted sexual battery. Following this Court’s remand on direct appeal, appellant was resentenced to 15 years in prison for the attempted sexual battery. See Tambriz-Ramirez, 112 So.3d at 768.
Appellant filed a timely amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising various issues, including a claim that his trial attorney was ineffective in failing to raise a double jeopardy violation. The trial court held an evidentiary hearing and entered an order denying all of appellant’s claims. As to the double jeopardy issue, the trial court concluded that the outcome of the proceedings would not have differed because appellant received a life sentence.

Analysis

On appeal, appellant argues that the trial court erred in concluding that no prejudice occurred in the alleged double jeopardy violation. He contends that Count 2, aggravated assault, and Count 3, attempted sexual battery, were subsumed within Count 1, burglary with an assault or battery.
*922 Appellant is correct that the trial court erred in concluding that he was not “prejudiced” by the alleged double jeopardy violation. Although appellant is serving a life sentence on Count 1, and his challenge to Counts 2 and 3 may not necessarily reduce the term of his incarceration, a double jeopardy violation can be raised in a timely rule 3.850 motion. Beatty v. State, 647 So.2d 266, 267 (Fla. 4th DCA 1994). Appellant is not required to show that the convictions being challenged on double jeopardy grounds result in an increase in the term of his incarceration. See State v. Johnson, 483 So.2d 420, 423 (Fla. 1986) (concluding that the issue of prejudice was not an appropriate consideration in a rule 3.850 challenge to a double jeopardy violation).
We nevertheless affirm because appellant’s convictions for separate offenses arising from this same criminal episode do not violate double jeopardy. As explained below, neither aggravated assault, nor attempted sexual battery, is subsumed within the offense of burglary with an assault or battery.
The double jeopardy clauses in the Constitution of the United States, and in the Florida Constitution, prohibit multiple punishments for the same offense. However, these clauses do not prohibit multiple punishments for-different offenses arising from the same transaction or episode if the Legislature intended to authorize separate punishments. Roughton v. State, 185 So.3d 1207, 1209 (Fla. 2016) (citing Valdes v. State, 3 So.3d 1067, 1069 (Fla.2009)).
The Legislature has provided:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4), Fla. Stat. (2009) (emphasis supplied). “Where even a single act constitutes multiple separate criminal offenses, as defined in section 775.021(4)(a), the offender must be sentenced separately for each offense unless one of the three exceptions in section 775.021(4)(b) applies.” Rougkton, 185 So.3d at 1210.
Burglary, which is proscribed in section 810.02, Florida Statutes (2009), is a separate offense from aggravated assault (section 784.021) and sexual battery (section 794.011). Each offense requires proof of an element that the other does not. These offenses do not require identical elements of proof, nor are they degrees of the same offense as provided by statute. See Valdes, 3 So.3d at 1076 (holding that the degree-variant exception applies “only when the statute itself provides for an offense with multiple degrees”) (citation omitted).
Appellant’s double jeopardy claim is based on his contention that the aggravated assault and attempted sexual battery offenses are “subsumed within” the bur *923 glary offense. In relevant part, the burglary statute provides:
(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person; or
(b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon; or
(c) Enters an occupied or unoccupied dwelling or structure, and:
1. Uses a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damages the dwelling or structure; or
2. Causes damage to the dwelling or structure, or to property within the dwelling or structure in excess of $1,000.
§ 810.02(2), Fla. Stat. (2009).
(1) An “aggravated assault” is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
§ 784.021, Fla. Stat. (2009). A simple “assault” is “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2009).
Appellant was charged and convicted of a first-degree felony burglary with an assault or battery, and he was also found to have been armed with a deadly weapon during the burglary. His aggravated assault was based on his use of the same deadly weapon. However, the analysis must be conducted “without regard to the accusatory pleading or the proof adduced at trial.” § 775.021(4)(a), Fla. Stat. (2009). The Florida Supreme Court emphasized this in Roughton, where it held that, when considering a statute that proscribes conduct in the alternative (offenses that can be committed in more than one way), the analysis must consider the entire range of conduct prohibited by the statutes, not the specific conduct charged or proven at trial. 185 So.3d at 1210-11.
Thus, the fact that appellant was charged and found guilty of a burglary with an assault or battery while armed with a deadly weapon and that he was also charged and found guilty of aggravated assault with a deadly weapon is irrelevant. Examining strictly the statutory elements and the entire range of conduct proscribed by these statutes demonstrates that these are separate offenses for which the Legislature intends separate punishments. The statutory elements of aggravated assault include (a) use of a deadly weapon or (b) intent to commit a felony, and neither of these elements is subsumed within a burglary with an assault or battery. We also observe that being or becoming armed with a dangerous weapon during a burglary, which can include mere possession of the weapon, is distinct from using a deadly weapon to commit an aggravated assault.
The subsumed-within exception of section 775.021(4)(b)3, applies “only if the greater offense necessarily includes the lesser offense.” State v. McCloud, 577 So.2d 939, 941 (Fla. 1991). Aggravated assault is not necessarily included within a burglary with an assault or battery offense. Simply stated, a defendant can commit a burglary with an assault or battery without also committing an aggravated assault.
We have recognized that, under the section 775.021(4)(b)3 exception, a simple assault or a simple battery is necessarily included within a burglary with an assault or battery offense. Blevins v. State, 756 *924 So.2d 1052, 1055 (Fla. 4th DCA 2000). In contrast, the districts have come into agreement that double jeopardy does not bar a defendant’s convictions for burglary with a battery and aggravated battery committed in one criminal episode. Id. (agreeing with Billiot v. State, 711 So.2d 1277 (Fla. 1st DCA 1998), and Washington v. State, 752 So.2d 16 (Fla. 2d DCA 2000) (en banc)); State v. Reardon, 763 So.2d 418, 419 (Fla. 5th DCA 2000) (en banc) (receding from Crawford v. State, 662 So.2d 1016 (Fla. 5th DCA 1995), and holding that “there is no statutory or constitutional bar to the entry of convictions for both aggravated battery and burglary with a battery arising out of the same criminal episode”); Irizarry v. State, 905 So.2d 160, 167 (Fla. 3d DCA 2005) (concluding that double jeopardy does not preclude convictions for burglary with a battery and aggravated battery).
Despite this, some decisions of the First and Fifth District Courts of Appeal have held that convictions for burglary with an assault and aggravated assault violate double jeopardy. In reaching this conclusion, these courts may have relied on the fact the defendant was charged and convicted of using or being armed with a firearm as to both the burglary and aggravated assault offenses. For example, in Baldwin v. State, 790 So.2d 434, 435 (Fla. 1st DCA 2000), the First District held:
Because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm, Baldwin’s dual convictions are in violation of the prohibition against double jeopardy.
Id. at 435; see also Smith v. State, 154 So.3d 523, 524 (Fla. 1st DCA 2015) (concluding that aggravated assault convictions were subsumed within a conviction for armed burglary with assault); McGhee v. State, 133 So.3d 1137, 1138 (Fla. 5th DCA 2014) (reversing “the conviction for aggravated assault with a firearm because it is subsumed into the greater offense of burglary of a dwelling with an assault or battery while armed with a firearm”); Green v. State, 120 So.3d 1276, 1278 (Fla. 1st DCA 2013) (same); Estremera v. State, 107 So.3d 511 (Fla. 5th DCA 2013) (same); White v. State, 753 So.2d 668, 669 (Fla. 1st DCA 2000) (same); cf Dykes v. State, 200 So.3d 162, 163 (Fla. 5th DCA 2016) (remanding a rule 3.850 claim for the trial court to determine “if double jeopardy bars [defendant’s convictions for aggravated battery with a firearm and aggravated assault with a firearm because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm”); Hankins v. State, 164 So.3d 738, 738 (Fla. 5th DCA 2015) (granting relief where the State conceded that “convictions for aggravated battery with a firearm and aggravated assault with a firearm violate double jeopardy because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm”).
These holdings cannot be reconciled with the requirement that the analysis be conducted “without regard to the accusatory pleading or the proof adduced at trial.” § 775.021(4)(a) Fla. Stat. (2009) (emphasis supplied). These cases seem to improperly focus on the fact that the burglary and assault offenses were charged and proven with a firearm. Much of the confusion may arise because the reviewing courts looked at the title of the charges, the specific allegations in the charging document, or the jury’s findings in its verdict, instead of looking exclusively to the statutory elements of the offenses. In any event, as is now clear, courts should not look beyond the statutory elements when conducting a double jeopardy analysis.
*925 Accordingly, we certify conflict with the decisions of the First and Fifth District Courts of Appeal in Dykes, Hankins, McGhee, Green, Estremera, Baldwin, Smith and White, which hold that an aggravated assault offense is subsumed within a burglary with an assault or battery.
Notably, White and Baldioin, two of the early decisions in this line, both relied on the Second District Court of Appeal’s decision in Henderson v. State, 727 So.2d 284 (Fla. 2d DCA 1999), which had concluded that the defendant’s convictions for aggravated assault and burglary with an assault violated double jeopardy. However, the Second District receded from Henderson when it decided Washington, 752 So.2d at 18, and held that double jeopardy does not preclude convictions for burglary with a battery and aggravated battery.
Finally, for analogous reasons, we reject appellant’s claim that his attempted sexual battery is subsumed within his burglary with an assault or battery offense. See State v. Nardi, 779 So.2d 596, 596 (Fla. 4th DCA 2001) (“[T]he offenses of attempted sexual battery and burglary of a dwelling with battery do not violate double jeopardy principles.”).

Affirmed. Conflict certified.

[1]

Gerber, Levine and Conner, JJ., concur.

. We also affirm without discussion appellant's claim that the court considered and relied on improper sentencing factors.