# Supreme Court of Florida

_____

No. SC17-713
_____

**DIEGO TAMBRIZ-RAMIREZ,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[July 12, 2018]

CANADY, C.J.

In this case we consider whether convictions for aggravated assault, attempted sexual battery, and burglary with an assault or battery, which arose during a single criminal episode, violate the prohibition against double jeopardy. We have for review *Tambriz-Ramirez v. State*, 213 So. 3d 920, 923-25 (Fla. 4th DCA 2017), in which the Fourth District Court of Appeal held that because burglary with an assault or battery does not necessarily include an aggravated assault or attempted sexual battery, Tambriz-Ramirez's convictions do not violate the prohibition against double jeopardy. The Fourth District certified conflict with *Dykes v. State,* 200 So. 3d 162 (Fla. 5th DCA 2016), *Hankins v. State*, 164 So. 3d

738 (Fla. 5th DCA 2015), *Smith v. State*, 154 So. 3d 523 (Fla. 1st DCA 2015),

*McGhee v. State*, 133 So. 3d 1137 (Fla. 5th DCA 2014), *Green v. State*, 120 So. 3d

1276 (Fla. 1st DCA 2013), *Estremera v. State*, 107 So. 3d 511 (Fla. 5th DCA

2013), *White v. State*, 753 So. 2d 668 (Fla. 1st DCA 2000), and *Baldwin v. State*,

790 So. 2d 434 (Fla. 1st DCA 2000). We have jurisdiction. *See* art. V, § 3(b)(4),

Fla. Const. For the reasons we explain, we approve the Fourth District's decision

in *Tambriz-Ramirez* and disapprove the conflicting decisions to the extent that they

conflict with this opinion. We also disapprove the decision of the Fifth District in

*Farrier v. State*, 145 So. 3d 199 (Fla. 5th DCA 2014), to the extent that it conflicts

with this opinion.

## I. BACKGROUND

The facts of the case as set forth in the Fourth District's opinion below are as

follows:

> [In 2010, a]rmed with a knife and using a shirt as a mask, appellant broke into the victim's home at night and attempted to sexually batter her. The victim testified that during the attack, appellant put the knife to her face and neck. The victim fought off the attacker and, after pulling off the mask, recognized appellant, whom she knew. Appellant ultimately confessed his guilt to police and sent letters to the victim before trial, apologizing and asking her to drop the charges.
>
> The State charged appellant as follows: Count 1, Burglary of a Dwelling with an Assault or Battery While Armed and Masked; Count 2, Aggravated Assault with a Deadly Weapon While Masked; and Count 3, Attempted Sexual Battery—Person 12 Years of Age or Older—Using Great Force or a Deadly Weapon.

The jury convicted appellant as charged on all counts and in a special interrogatory on the verdict form for Count 1 found that during the commission of the burglary he was armed or became armed with "a deadly weapon." The court sentenced him to life in prison for the burglary, a consecutive 15 years in prison for the aggravated assault, and a consecutive 30 years in prison for the attempted sexual battery. Following this Court's remand on direct appeal, appellant was resentenced to 15 years in prison for the attempted sexual battery. *See Tambriz–Ramirez*[ *v. State*], 112 So. 3d [767, ]768.

Appellant filed a timely amended motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising various issues, including a claim that his trial attorney was ineffective in failing to raise a double jeopardy violation. The trial court held an evidentiary hearing and entered an order denying all of appellant's claims. As to the double jeopardy issue, the trial court concluded that the outcome of the proceedings would not have differed because appellant received a life sentence.

*Tambriz-Ramirez*, 213 So. 3d at 921.

On appeal from the denial of his motion for postconviction relief, Tambriz-Ramirez argued that the trial court erred in concluding that no prejudice occurred in the alleged double jeopardy violation and that Count 2, aggravated assault, and Count 3, attempted sexual battery, were subsumed within Count 1, burglary with an assault or battery, and therefore violated the prohibition against double jeopardy. *Id.* The district court agreed that the trial court erred in concluding that Tambriz-Ramirez was not "prejudiced" by the alleged double jeopardy violation but nonetheless affirmed the denial of relief, concluding that because neither aggravated assault nor attempted sexual battery is subsumed within the offense of burglary with an assault or battery, Tambriz-Ramirez's convictions for separate

- 3 -

offenses arising from this same criminal episode did not violate double jeopardy. *Id.* at 922.

The district court explained that because burglary with an assault or battery does not necessarily include an aggravated assault, aggravated assault is not subsumed within a burglary with an assault or battery offense. *Id.* at 923. "Simply stated, a defendant can commit a burglary with an assault or battery without also committing an *aggravated* assault." *Id.* For analogous reasons, the district court also rejected Tambriz-Ramirez's claim that his attempted sexual battery conviction is subsumed within his burglary with an assault or battery conviction. *Id.* at 925 (citing *State v. Nardi*, 779 So. 2d 596, 597 (Fla. 4th DCA 2001) ("[T]he offenses of attempted sexual battery and burglary of a dwelling with battery do not violate double jeopardy principles.")).

In certifying conflict with decisions of the First and Fifth Districts, the Fourth District explained:

> [S]ome decisions of the First and Fifth District Courts of Appeal have held that convictions for burglary with an assault and *aggravated* assault violate double jeopardy. In reaching this conclusion, these courts may have relied on the fact the defendant was charged and convicted of using or being armed *with a firearm* as to both the burglary and aggravated assault offenses. For example, in *Baldwin v. State*, 790 So. 2d 434, 435 (Fla. 1st DCA 2000), the First District held:
>
>> Because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm,

Baldwin's dual convictions are in violation of the prohibition against double jeopardy.

*Id.* at 435; *see also Smith v. State*, 154 So. 3d 523, 524 (Fla. 1st DCA 2015) (concluding that aggravated assault convictions were subsumed within a conviction for armed burglary with assault); *McGhee v. State*, 133 So. 3d 1137, 1138 (Fla. 5th DCA 2014) (reversing "the conviction for aggravated assault with a firearm because it is subsumed into the greater offense of burglary of a dwelling with an assault or battery while armed with a firearm"); *Green v. State*, 120 So. 3d 1276, 1278 (Fla. 1st DCA 2013) (same); *Estremera v. State*, 107 So. 3d 511 (Fla. 5th DCA 2013) (same); *White v. State*, 753 So. 2d 668, 669 (Fla. 1st DCA 2000) (same); *cf. Dykes v. State,* 200 So. 3d 162, 163 (Fla. 5th DCA 2016) (remanding a rule 3.850 claim for the trial court to determine "if double jeopardy bars [defendant]'s convictions for aggravated battery with a firearm and aggravated assault with a firearm because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm"); *Hankins v. State*, 164 So. 3d 738, 738 (Fla. 5th DCA 2015) (granting relief where the State conceded that "convictions for aggravated battery with a firearm and aggravated assault with a firearm violate double jeopardy because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm").

These holdings cannot be reconciled with the requirement that the [double jeopardy] analysis be conducted "*without regard to the accusatory pleading or the proof adduced at trial*." § 775.021(4)(a) Fla. Stat. (2009) (emphasis [added]). These cases seem to improperly focus on the fact that the burglary and assault offenses were charged and proven *with a firearm*. Much of the confusion may arise because the reviewing courts looked at the title of the charges, the specific allegations in the charging document, or the jury's findings in its verdict, instead of looking exclusively to the statutory elements of the offenses. In any event, as is now clear, courts should not look beyond the statutory elements when conducting a double jeopardy analysis.

Accordingly, we certify conflict with the decisions of the First and Fifth District Courts of Appeal in *Dykes*, *Hankins*, *McGhee*, *Green*, *Estremera*, *Baldwin*, *Smith* and *White*, which hold that an *aggravated* assault offense is subsumed within a burglary with an assault or battery.

*Id.* at 924-25 (second alteration in original).

Based on the certified conflict, Tambriz-Ramirez petitioned this Court to invoke its discretionary jurisdiction and we granted his petition. This review follows.

## II. ANALYSIS

The double jeopardy clauses, contained in the Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution, prohibit the imposition of multiple punishments for the same criminal offense. U.S. Const. amend. V; art. I, § 9, Fla. Const. But the double jeopardy clauses do not prohibit multiple punishments for different offenses arising out of the same criminal transaction or episode if the Legislature intended to authorize separate punishments. *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009). "The Double Jeopardy Clause 'presents no substantive limitation on the legislature's power to prescribe multiple punishments,' but rather, 'seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.' " *Borges v. State*, 415 So. 2d 1265, 1267 (Fla. 1982) (quoting *State v. Hegstrom,* 401 So. 2d 1343, 1345 (Fla. 1981)). Double jeopardy claims based on undisputed facts present questions of law and are subject to de novo review. *State v. Drawdy*, 136 So. 3d 1209, 1213 (Fla. 2014).

Where multiple criminal offenses occur in the course of a single criminal episode or transaction, courts employ the test set forth by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932), which is codified at section 775.021(4)(a), Florida Statutes, to determine whether receiving separate punishments for each offense violates double jeopardy. *Id.* As codified in Florida, that test provides:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

§ 775.021(4)(a), Fla. Stat. (2009); *see also Blockburger*, 284 U.S. at 304 ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). If the offenses are separate, such that multiple punishments are authorized for the same criminal act, courts next look to the exceptions found in section 775.021(4)(b). That subsection reads:

> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in

subsection (1) to determine legislative intent.  Exceptions to this rule of construction are:

> 1. Offenses which require identical elements of proof.

> 2. Offenses which are degrees of the same offense as provided by statute.

> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

§ 775.021(4)(b), Fla. Stat. (2009).  "Where even a single act constitutes multiple separate criminal offenses, as defined in section 775.021(4)(a), the offender must be sentenced separately for each offense unless one of the three exceptions in section 775.021(4)(b) applies."  *Roughton v. State*, 185 So. 3d 1207, 1210 (Fla. 2016).

The certified conflict here arises from the failure of the First and Fifth Districts to properly apply section 775.021 in the line of conflict cases.  In the earliest of the conflict cases, *Baldwin*, decided on March 6, 2000, Baldwin was convicted of "one count of first degree burglary of a dwelling with assault while armed with a firearm and one count of aggravated assault with a firearm."  790 So. 2d at 434 (footnote omitted).  The entirety of the First District's double jeopardy analysis in *Baldwin* is as follows:

> Baldwin also challenges his dual convictions on the grounds that the convictions violate the prohibition against double jeopardy. Because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm, Baldwin's dual convictions are in violation of

- 8 -

> the prohibition against double jeopardy. *Henderson v. State*, 727 So. 2d 284 (Fla. 2d DCA 1999).

*Id.* at 435.  Three days later, on March 9, 2000, in *White*, the First District again relied on *Henderson* in finding a double jeopardy violation.  *White*, 753 So. 2d at 669 ("Because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with assault while armed with a firearm, White's dual convictions are in violation of the prohibition against double jeopardy.  *Henderson v. State*, 727 So. 2d 284 (Fla. 2d DCA 1999).").  In *Henderson*, Henderson contended "and the State concede[d]" that his convictions for "burglary and aggravated assault," "violate[d] double jeopardy."  727 So. 2d at 285-86.  The Second District concluded that because the assault consisted of Henderson pointing a firearm at his girlfriend after breaking into her house and the assault arose out of the burglary, there was a double jeopardy violation.  *Id.* at 286.  But before either *Baldwin* or *White* was decided, the Second District had already receded from *Henderson* on January 12, 2000, in *Washington v. State*, 752 So. 2d 16 (Fla. 2d DCA 2000).

In *Washington*, Washington contended that his convictions for burglary with a battery and aggravated battery constituted a double jeopardy violation.  752 So. 2d at 17.  Unlike in *Henderson*, the Second District in *Washington* cited and applied section 775.021(4), concluding "that since the

- 9 -

State must prove an additional element to convict on an aggravated battery charge, as opposed to a simple battery charge, subsection 775.[0]21(4) authorizes separate punishments for first-degree burglary with a battery and aggravated battery." *Id.* at 17-18. The Second District stated:

> This appeal compels us to revisit our decision in *Henderson v. State*, 727 So. 2d 284 (Fla. 2d DCA 1999), from which we now recede to the extent that it conflicts with our decision here. The State convicted Henderson of first-degree burglary with an assault and aggravated assault. *See id.* This court reversed Henderson's aggravated assault conviction after the State conceded error. *See id.* at 286. Our opinion in *Henderson* cited several cases in support of its holding; however, upon closer review, those decisions are distinguishable from *Henderson* and the case *sub judice*.

*Id.* at 18 (footnote omitted). It is clear to us that *Baldwin* and *White* erroneously relied on *Henderson*, failed to conduct a proper double jeopardy analysis, and were wrongly decided.

The next conflict case to be decided was *Estremera* by the Fifth District in 2013. Estremera challenged his convictions for aggravated assault with a firearm and burglary with an assault while armed with a firearm on the grounds that the convictions violated the prohibition against double jeopardy. 107 So. 3d at 512. The Fifth District also relied on *White* (which erroneously relied on *Henderson*) to conclude that a double jeopardy violation occurred because "[a]ll of the elements of the crime of aggravated assault with a firearm are contained within the crime of

- 10 -

burglary with assault while armed with a firearm." *Id.* (quoting *White*, 753 So. 2d at 669).

Seven months after *Estremera*, the First District decided *Green*. Green argued that his convictions for burglary with an assault or battery while armed with a firearm and aggravated assault with a firearm constituted a double jeopardy violation. 120 So. 3d at 1277. Relying on *White* and *Estremera*, the First District concluded that "because all of the elements of the crime of aggravated assault with a firearm are contained within the crime of burglary with an assault while armed with a firearm, convictions for both the burglary and the aggravated assault violate the prohibition against double jeopardy." *Id.* at 1278 (citing *White*, 753 So. 2d at 669; *Estremera*, 107 So. 3d 511).

In 2014, *McGhee* was decided by the Fifth District. McGhee argued that because his convictions for burglary of a dwelling with assault or battery and aggravated assault with a firearm "involve[d] the same victim and occurred in the same incident, the convictions for battery and aggravated assault with a firearm violate the constitutional prohibition against double jeopardy." 133 So. 3d at 1138. Citing *Green* (citing *Estremera*) and *White*, the Fifth District agreed and "reverse[d] his conviction for aggravated assault with a firearm because it is subsumed into the greater offense of burglary of a dwelling with an assault or battery while armed with a firearm." *Id.*

- 11 -

The First District decided *Smith* in 2015, in which it relied on *Green* and *White* to conclude that Smith's "aggravated assault convictions (counts III and IV) violate the prohibition against double jeopardy because those offenses are subsumed within his conviction for armed burglary with an assault (count I)." 154 So. 3d at 524.

Also in 2015, the Fifth District decided *Hankins*. Hankins argued that "his convictions for aggravated battery with a firearm and aggravated assault with a firearm violate double jeopardy because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm." 164 So. 3d at 738. The Fifth District concluded that the State's concession of error was proper and reversed the convictions for aggravated battery with a firearm and aggravated assault with a firearm, citing *McGhee*, 133 So. 2d at 1138-39, and *Farrier*, 145 So. 3d at 199-200 ("[reversing] both convictions for aggravated assault with a firearm because they were subsumed into the greater offense of burglary of a dwelling with an assault or battery with a firearm").[1] *Id.*

The most recent of the conflict cases is *Dykes*, decided by the Fifth District in 2016. Dykes contended that his convictions for burglary of a dwelling with an assault or battery with a firearm, aggravated battery with a firearm, and aggravated

---

1. The Fourth District in *Tambriz-Ramirez* did not certify conflict with *Farrier*.

- 12 -

assault with a firearm violated the prohibition against double jeopardy. 200 So. 3d at 162-63. The Fifth District agreed, citing *McGhee* and *Estremera* for support. *Id.* at 163.

None of the decisions in the eight conflict cases contains a proper double jeopardy analysis in accordance with section 775.021. Instead, they all rely on cases in a line which can be traced back to the erroneous decisions in *Baldwin* and *White*. When a proper double jeopardy analysis is conducted in accordance with section 775.021(4)(b) and our recent decision in *Roughton*, 185 So. 3d 1207, it is clear that Tambriz-Ramirez's convictions do not violate the prohibition against double jeopardy.

The Fourth District below conducted a proper double jeopardy analysis in this case:

> Appellant's double jeopardy claim is based on his contention that the aggravated assault and attempted sexual battery offenses are "subsumed within" the burglary offense. In relevant part, the burglary statute provides:
>
> > [(1)(b) For offenses committed after July 1, 2001, "burglary" means:
> >
> > 1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein . . . .]
> >
> > (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:

- 13 -

(a) Makes an assault or battery upon any person; or

(b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon; or

(c) Enters an occupied or unoccupied dwelling or structure, and:

1.  Uses a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damages the dwelling or structure; or

2.  Causes damage to the dwelling or structure, or to property within the dwelling or structure in excess of $1,000.

§ 810.02(2), Fla. Stat. (2009).

(1) An "aggravated assault" is an assault:

(a) With a deadly weapon without intent to kill; or

(b) With an intent to commit a felony.

§ 784.021, Fla. Stat. (2009).  A simple "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."  § 784.011(1), Fla. Stat. (2009).

Appellant was charged and convicted of a first-degree felony burglary *with an assault or battery*, and he was also found to have been *armed* with a deadly weapon during the burglary.  His aggravated assault was based on his use of *the same deadly weapon*. However, the analysis must be conducted "*without regard to the accusatory pleading or the proof adduced at trial*."  § 775.021(4)(a), Fla. Stat. (2009).  The Florida Supreme Court emphasized this in *Roughton*, where it held that, when considering a statute that proscribes conduct in the alternative (offenses that can be committed in more than one way), the analysis must consider the entire range of

- 14 -

conduct prohibited by the statutes, not the specific conduct charged or proven at trial.  185 So. 3d at 1210-11.

Thus, the fact that appellant was charged and found guilty of a burglary with an assault or battery *while armed with a deadly weapon* and that he was also charged and found guilty of aggravated assault *with a deadly weapon* is irrelevant.  Examining strictly the statutory elements and the entire range of conduct proscribed by these statutes demonstrates that these are separate offenses for which the Legislature intends separate punishments.  The statutory elements of aggravated assault include (a) use of a deadly weapon or (b) intent to commit a felony, and neither of these elements is subsumed within a burglary with an assault or battery.  We also observe that being or becoming armed with a dangerous weapon during a burglary, which can include mere *possession* of the weapon, is distinct from *using* a deadly weapon to commit an aggravated assault.

The subsumed-within exception of section 775.021(4)(b)3, applies "only if the greater offense *necessarily* includes the lesser offense."  *State v. McCloud*, 577 So. 2d 939, 941 (Fla. 1991).  Aggravated assault is not necessarily included within a burglary with an assault or battery offense.  Simply stated, a defendant can commit a burglary with an assault or battery without also committing an *aggravated* assault.

*Tambriz-Ramirez*, 213 So. 3d at 922-23.

Similarly, the offenses of attempted sexual battery and burglary of a dwelling with battery do not violate double jeopardy principles.  " 'Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." § 794.011(1)(h), Fla. Stat. (2009).  In order to prove the crime of attempted sexual battery, the State must prove that (1) the defendant did some act towards committing the crime of sexual battery that went beyond just thinking about it and

(2) the defendant would have committed the crime of sexual battery except that someone prevented him from committing the crime or he failed to commit the crime. § 777.04(1), Fla. Stat. (2009); Fla. Std. Jury Instr. (Crim.) 5.1. The burglary statute prohibits

> 1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or
>
> 2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
>
> a. Surreptitiously, with the intent to commit an offense therein;
>
> b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or
>
> c. To commit or attempt to commit a forcible felony, as defined in s. 776.08.

§ 810.02(1)(b), Fla. Stat. (2009).[2] Each offense clearly requires proof of elements the other does not, and the statutory elements of an attempted sexual battery are not subsumed within the elements of burglary with a battery. In other words, one can commit a burglary with a battery without committing an attempted sexual battery.

Tambriz-Ramirez also argues that aggravated assault and attempted sexual battery are degree variants of burglary with an assault or battery, and therefore

---

2. And burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment, if, in the course of committing the offense, the offender makes an assault or battery upon any person. § 810.02(2)(a), Fla. Stat. (2009).

convictions for both violate the prohibition against double jeopardy under section 775.021(4)(b)2., Fla. Stat. (2009). Section 775.021(4)(b)2. prohibits multiple convictions and sentences for "[o]ffenses which are degrees of the same offense *as provided by statute*." (Emphasis added.) Tambriz-Ramirez's argument here fails because burglary, assault, and sexual battery are not different degrees of "the same offense." *See Valdes*, 3 So. 3d at 1076 (holding that the degree-variant exception applies "only when the *statute* itself provides for an offense with multiple degrees"); *State v. Reardon*, 763 So. 2d 418, 420 (Fla. 5th DCA 2000) ("[T]he two offenses [burglary with a battery and aggravated battery] are not degrees of the same crime . . . ."). In *Valdes*, we held that section 775.021(4)(b)2. "prohibits separate punishments only when a criminal statute provides for variations in degree of the same offense, so that the defendant would be punished for violating two or more degrees of a single offense." 3 So. 3d at 1076 (quoting *State v. Paul*, 934 So. 2d 1167, 1177 (Fla. 2006) (Cantero, J., specially concurring)). The crimes here are different offenses, prohibited by different statutes, and they criminalize different conduct.

Nonetheless, Tambriz-Ramirez urges this Court to conclude that "[w]hen a statute implicitly (or explicitly) relies on another statute's elements for purposes of an enhancement, and can only establish that enhancement by tracking the other statute's language, then the legislature has established a relationship of degrees

- 17 -

between the same offense," Petitioner's [Initial] Brief at 25, Tambriz-Ramirez v. State, No. SC17-713 (Fla. Aug. 16, 2017), and thus "intended to disallow separate punishments for degree variants of one another, regardless of whether they are contained within separate statutes," *id.* at 27. We reject that argument, because it directly contravenes the plain language of section 775.021(4)(b)2.

Finally, Tambriz-Ramirez relies on our decision in *Cleveland v. State*, 587 So. 2d 1145 (Fla. 1991), to argue that "this Court has held that double jeopardy convictions occur when a defendant receives cumulative punishments based on enhanced conviction [sic] by use or possession of a firearm and a separate conviction based on the same act." Petitioner's [Initial] Brief at 7, Tambriz-Ramirez v. State, No. SC17-713 (Fla. Aug. 16, 2017); *see also id.* at 32. But our holding in *Cleveland* was very narrow. In *Cleveland*, we held

> that when a robbery conviction is enhanced because of the use of a firearm in committing the robbery, the single act involving the use of the same firearm in the commission of the same robbery cannot form the basis of a separate conviction and sentence for the use of a firearm while committing a felony under section 790.07(2).

*Cleveland*, 587 So. 2d at 1146. Thus, *Cleveland* does not prohibit Tambriz-Ramirez's multiple convictions here.

### III. CONCLUSION

For the reasons explained above, we approve the decision of the Fourth District in *Tambriz-Ramirez*, and disapprove the conflicting decisions of the First

- 18 -

and Fifth Districts in *Dykes*, *Hankins*, *Smith*, *McGhee*, *Green*, *Estremera*, *White*, and *Baldwin*, and the decision of the Fifth District in *Farrier* to the extent that they conflict with this opinion.

It is so ordered.

PARIENTE, POLSTON, LABARGA, and LAWSON, JJ., concur.
LEWIS, J., concurs in result.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

QUINCE, J., dissenting.

As I have previously stated, "section 775.021(4), Florida Statutes—which requires a double jeopardy analysis to be conducted without regard to the specific charges against a defendant or which charges have been proven—is antithetical to the purpose and meaning of the double jeopardy clauses of both the United States and Florida Constitutions." *Roughton*, 185 So. 3d at 1211 (Quince, J., dissenting). In this case, as in *Roughton*, I would consider only the allegations against the defendant and what the State proved to conduct a proper double jeopardy analysis.

Here, Tambriz-Ramirez was convicted as charged of burglary with assault or battery while armed and aggravated assault with a deadly weapon. *Tambriz-Ramirez*, 213 So. 3d at 921. Tambriz-Ramirez was found to have been armed with a deadly weapon, and both the aggravated assault and burglary with assault or battery were based on his use of the same deadly weapon. *Id.* at 923. A burglary

- 19 -

with assault or battery requires (1) "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein" and (2) "[m]ak[ing] an assault or battery upon any person . . . with . . . a dangerous weapon." § 810.02(1)-(2), Fla. Stat. An aggravated assault requires (1) an assault "[w]ith a deadly weapon without intent to kill" or (2) with an intent to commit a felony. § 784.021, Fla. Stat. Reviewing the statutes, burglary with assault or battery contains the element of entering a dwelling, structure, or conveyance, while aggravated assault does not. However, the remaining elements of both crimes punish the same conduct. Therefore, it cannot be said that *each* offense has an element the other does not have in order to satisfy *Blockburger*.

I would conclude that double jeopardy precludes convictions for both burglary with assault or battery and aggravated assault based on the same conduct, quash the decision below, and approve the conflict cases. Accordingly, I dissent.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

Fourth District - Case No. 4D15-2957

(Martin County)

Rocco J. Carbone, III, Law Offices of Rocco J. Carbone, III, PLLC, St. Augustine, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Celia Terenzio, Bureau Chief, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, Florida,

for Respondent